GIRARD TRUST BANK v. F. E. EASTON

No. 718SC439

(Filed 4 August 1971)

1. Rules of Civil Procedure § 63— substitute judge for disabled or deceased judge

Under G.S. 1A-1, Rule 63, an appropriate judge may substitute for a disabled or a deceased judge before whom an action has been tried only with respect to duties remaining to be performed after a verdict has been returned or findings of fact and conclusions of law have been filed.

2. Rules of Civil Procedure § 63— nonjury trial — death of judge before judgment signed — substitute judge

Where, at the conclusion of the evidence in an action tried before the court without a jury, the trial judge orally indicated answers in favor of plaintiff to issues which had been prepared by counsel for defendant in anticipation of a jury trial, and instructed plaintiff's counsel to submit a proposed judgment containing appropriate findings of fact and conclusions of law, but the trial judge died before signing the judgment which had been submitted to him, *held*, the issues and the court's answers thereto constituted neither a verdict nor findings of fact and conclusions of law which would permit a substitute judge to proceed under Rule 63 to enter judgment in the case.

APPEAL by plaintiff from *Peel, Judge,* 14 December 1970 Session of Superior Court held in WAYNE County.

This action was tried before Judge Bundy, without a jury, at the May 1970 Session of Superior Court held in Wayne County. At the conclusion of the evidence Judge Bundy indicated his intention to rule in favor of the plaintiff. The parties agreed that the judgment and exceptions thereto could be signed out of session and out of district. Plaintiff's counsel was instructed to prepare and submit to Judge Bundy a proposed judgment containing appropriate findings of fact and conclusions of law. This was done shortly before Judge Bundy left on a trip to Europe. While in Europe, Judge Bundy died without having signed the proposed judgment.

Plaintiff moved before Judge Peel, judge presiding over a regular session of Superior Court in Wayne County, that he sign the proposed judgment which had been tendered to Judge Bundy. Judge Peel concluded that he was without jurisdiction to do so and denied the motion. This conclusion was based upon findings, as a matter of law, that no verdict was returned in the trial and no findings of fact and conclusions of law were filed.

*Dees, Dees, Smith & Powell by William W. Smith for plaintiff appellant.*

*Braswell, Strickland, Merritt & Rouse by Roland C. Braswell for defendant appellee.*

GRAHAM, Judge.

G.S. 1A-1, Rule 63, provides that an appropriate substitute judge may perform duties remaining to be performed after a verdict is returned or findings of fact and conclusions of law are filed where the judge before whom the action was tried is unable to do so by reason of death, sickness or other disability.

[1]  It is not disputed that under this rule an appropriate judge may substitute for a disabled or a deceased judge before whom an action has been tried, only with respect to duties remaining to be performed after a verdict has been returned or findings of fact and conclusions of law have been filed. Consequently, the question here is simply whether Judge Peel correctly found that no verdict had been returned and that no findings of fact and conclusions of law had been filed. We hold that he did.

[2]  During the course of the trial the parties waived a trial by jury and proceeded to try the case before the court without

Bank v. Easton

a jury. At the conclusion of all of the evidence, Judge Bundy stated:

> "It is not a matter of issues except as a basis of findings of facts and conclusions of law and the judgment. I will ask counsel to carefully draw up the findings based on this, and the conclusions of law, and the judgment."

Judge Bundy then proceeded to orally indicate an answer in favor of plaintiff to issues which had been prepared by counsel for defendant in anticipation of a jury trial. Plaintiff argues that in answering these issues the court returned a verdict within the meaning of Rule 63. We disagree. G.S. 1A-1, Rule 52(a)(1), provides that in all actions tried without a jury, the court shall find the facts and state separately its conclusions of law thereon. Hence, it would have been inappropriate for Judge Bundy to have disposed of the merits of the case upon answers to jury type issues. His statement indicates that he did not intend to do so.

Plaintiff also argues that the issues, when considered together with the court's answers thereto, constitute sufficient findings of fact and conclusions of law to permit a substitute judge to proceed under Rule 63. We do not so find. The issues were intended as nothing more than a guide to assist counsel in preparing findings of fact and conclusions of law which might, or might not, be adopted by the court. The issues are insufficient to form any basis for review and a judgment based upon the issues alone would require a remand for sufficient findings of fact and conclusions of law.

Rule 63 does not contemplate that a substitute judge, who did not hear the witnesses and participate in the trial, may nevertheless participate in the decision making process. It contemplates only that he may perform such acts as are necessary under our rules of procedure to effectuate a decision already made. Under our rules, where a case is tried before a court without a jury, findings of fact and conclusions of law sufficient to support a judgment are essential parts of the decision making process.

Affirmed.

Judges BROCK and VAUGHN concur.