LOUISA A. BLACKWELL v. I. G. MASSEY, EXECUTOR OF THE ESTATE OF MARY PENNINGTON, NANNIE CROCKETT AND ANDREW WILSON, JR.

No. 8319SC363

(Filed 19 June 1984)

1. **Rules of Civil Procedure § 4— personal jurisdiction—valid issuance of alias or pluries summons**

That an original summons was not endorsed within 90 days of its issuance and no alias or pluries summons was issued within that time as G.S. 1A-1, Rule 4(d)(1) and (2) requires, did not invalidate the service that was subsequently accomplished. Pursuant to G.S. 1A-1, Rule 4(e) the case against defendant was discontinued and begun again by the valid issuance of an alias and pluries summons. However, even if the service had been defective or not accomplished at all, the courts acquired jurisdiction over defendant when defendant generally appeared in the case by moving for a change of venue, by filing answers to both the complaint and amended complaint, by responding to plaintiff's motion for summary judgment, by filing three different motions or amended motions of her own for summary judgment, by moving or requesting on several different occasions that the case be calendared for trial, and by participating in the summary judgment hearing. G.S. 1-75.7(1).

Blackwell v. Massey

2. **Rules of Civil Procedure § 56.2— summary judgment—movant meeting burden of proof—failure of defendant to submit evidence contrary**

Where plaintiff established by affidavits that she owned the land involved and that the purported deed from her that defendant relied upon was neither signed nor authorized by her, and thus was without legal force and effect, and where defendant submitted no evidence contrary thereto and did not undertake to undermine plaintiff's case by submitting evidence that would impeach or cast doubt upon the credibility of any of plaintiff's evidence, or indicate to the court by affidavit, as Rule 56(f) permits, that evidence contradicting or undermining plaintiff's position did exist and could be presented at a later time, the trial court properly entered summary judgment for plaintiff.

APPEAL by defendant Crockett from *Albright, Judge.* Judgment entered 14 December 1982 in Superior Court, ROWAN County. Heard in the Court of Appeals 5 March 1984.

Louisa A. Blackwell instituted this action to cancel a purported deed of hers dated in 1942 and recorded 20 January 1953, which undertook to convey a certain house and lot to her deceased sister, Mary Pennington, who died in 1978 leaving a will that devised the property to defendant Crockett. Plaintiff's complaint alleged that the purported deed was a forgery and that Mary Pennington's only connection with or interest in the property was that she was permitted by the plaintiff to live in the house rent free as long as she lived. Louisa A. Blackwell died subsequent to the institution of this action and with the court's approval her children filed an amended complaint as successor plaintiffs, but no order substituting them as plaintiffs is in the record, and the style of the case has not been changed.

In her answers to the complaint and amended complaint, defendant Crockett denied the material allegations and asserted that she is the fee simple owner of the property because of the deed and will. Each party then moved for summary judgment.

Plaintiff's motion was supported by the following:

(1) An affidavit executed by Louisa A. Blackwell before her death saying that she did not sign the deed conveying the land to Mary Pennington.

(2) An affidavit from a handwriting expert that the signature on the deed was not that of Louisa A. Blackwell.

(3) An affidavit from Lucille Witherspoon stating that (a) she had personal knowledge of the arrangement between

Blackwell and Pennington and Blackwell allowed Pennington to live on the property rent free for life; and (b) she was familiar with the signature of Blackwell and the signature on the deed was not that of Louisa A. Blackwell.

(4) An affidavit from Milas Partee stating that he was familiar with the signature of Louisa Blackwell and the signature on the deed was not hers.

(5) An affidavit from Rose Sanders stating that she witnessed the execution of Louisa A. Blackwell's affidavit.

Defendant's motion was supported only by her answers to the complaint and amended complaint, which pleadings, though verified, stated no facts disputing plaintiff's evidence that the signature on the deed was forged and defendant Crockett's predecessor in interest had occupied the property only with Louisa A. Blackwell's permission. Judge Albright denied defendant's motion and granted plaintiff's motion.

*Plumides, Plumides and Caudle, by Michael G. Plumides, for plaintiff appellee.*

*J. H. Rennick for defendant appellant Nannie Crockett.*

PHILLIPS, Judge.

[1] Defendant contends that the court had no jurisdiction over her person because service of process on her was not in compliance with the provisions of Rule 4 of the N.C. Rules of Civil Procedure. Though this question was not raised below, an attack upon the court's jurisdiction is always timely and we will consider it. The basis for her contention is that though the original summons was issued on 18 January 1979, it was never endorsed, and the alias and pluries summons, eventually served on her 30 August 1980, was not issued until 27 August 1980. That the original summons was not endorsed within ninety days of its issuance and no alias or pluries summons was issued within that time, as Rule 4(d)(1) and (2) requires, did not invalidate the service that was subsequently accomplished, however; as Rule 4(e) provides, it merely discontinued the case against her until it was, in effect, begun again by the valid issuance of the alias and pluries summons. Thus, the court has had personal jurisdiction over de-

fendant ever since service was accomplished on 30 August 1980. But even if the service had been defective or not accomplished at all, for that matter, the defendant's contention would still be without merit. Because bringing parties into court by process is not the only way courts acquire jurisdiction over them; another time honored, equally efficacious mode of acquiring jurisdiction over defendants is their voluntary appearance in court for any purpose other than to specially challenge the court's jurisdiction. G.S. 1-75.7(1). And in this instance, according to the record, defendant *generally* appeared in the case by moving for a change of venue from Mecklenburg County to Rowan, by filing answers to both the complaint and amended complaint, by responding to plaintiff's motion for summary judgment, by filing three different motions or amended motions of her own for summary judgment, by moving or requesting on several different occasions that the case be calendared for trial, and by participating in the summary judgment hearing.

[2] The plaintiff, as the moving party for summary judgment under Rule 56 of the N.C. Rules of Civil Procedure, had the burden of proof, *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975), and rarely is it proper to enter summary judgment in favor of the party having the burden of proof. Because, as was pointed out in *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976), any gap or failure in the movant's proof, any evidence by the opponent that contradicts an essential element of the movant's claim, any evidence that impairs the credibility of any material part of the movant's evidence, or even any good faith indication by the opponent under Rule 56(f) that proof contradicting or undermining the movant's case, though not then available, does exist and can be presented within a reasonable time, requires that the motion be denied. Nevertheless, when a party moves for summary judgment on a claim and properly supports all the essentials of that claim with evidence, it falls to the opposing party to present contradictory evidence or to show by facts that the movant's evidence is insufficient or unreliable. Rule 56(e). And when the opposing party fails to do that and it plainly appears from the pleadings and evidence presented that the movant is entitled to recover on the claim, summary judgment is proper. Rule 56(c); *Lowe v. Bradford*, 305 N.C. 366, 289 S.E. 2d 363 (1982). In this instance, however, though plaintiff established by affidavits that Louisa A. Blackwell

owned the land involved and that the purported deed from her that defendant relies upon was neither signed nor authorized by her, and was thus without legal force and effect, defendant submitted no evidence contrary thereto. Nor did she either undertake to undermine plaintiff's case by submitting evidence that would impeach or cast doubt on the credibility of any of plaintiff's evidence, or indicate to the court by affidavit, as Rule 56(f) permits, that evidence contradicting or undermining plaintiff's position does exist and could be presented at a later time. In opposition to plaintiff's evidence, defendant's sole and only support was the verified denial upon "information and belief" of the forgery allegations in the complaint. This was not sufficient to rebut affidavits based on personal knowledge, *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972), and since no excuse was offered for defendant's failure of proof, and the court was given no reason to believe that her position in the case would ever be stronger than it then was, judgment against her was correctly entered.

Affirmed.

Chief Judge VAUGHN and Judge WHICHARD concur.