DUKE POWER COMPANY v. MARVEL E. DANIELS

No. 8719DC21

(Filed 21 July 1987)

1. **Rules of Civil Procedure § 17— plaintiff as real party in interest**

   There was no merit to defendant's complaint that the action was not brought by the real party in interest, since the record indisputably showed that Duke Power was the real party in interest and that it, as the plaintiff, brought the action rather than the authorized collection agent who merely signed the complaint on plaintiff's behalf.

2. **Rules of Civil Procedure § 17— representative capacity of person signing complaint not indicated—no error**

   There was no merit to defendant's contention that the action should have been dismissed because the person who signed the complaint did not indicate her representative capacity, since the action was not brought in a representative capacity but was brought on its own behalf by Duke Power, and the failure of plaintiff's employee to indicate that she was signing the complaint as the company's agent was a harmless oversight with no legal consequences.

3. **Attorneys at Law § 1.2— filing of complaint in Small Claims Court—no practicing law by corporation**

There was no merit to defendant's contention that, by having its lay employee sign the complaint in the Small Claims Division of our court system, plaintiff corporation practiced law in violation of N.C.G.S. § 84-5.

APPEAL by defendant from *Grant, Judge.* Judgment entered 16 September 1986 in District Court, ROWAN County. Heard in the Court of Appeals 13 May 1987.

On 5 November 1985 plaintiff sued in the Small Claims Division of the Rowan County District Court to collect an unpaid power bill in the amount of $605.88, and after judgment was entered against her defendant appealed to the District Court. Some months later, citing the provisions of Rules 9, 11, 12(b) and 17(a), N.C. Rules of Civil Procedure, defendant moved to dismiss plaintiff's action on the ground that the complaint was not signed by the company's director, registered agent or attorney, but by Trudy P. Wall, whose capacity to act for plaintiff was not indicated. It soon was made to appear by plaintiff's affidavit, however, that Ms. Wall, employed by plaintiff in its Credit Department, was an authorized agent in collecting overdue accounts. Based upon evidence developed during discovery showing that defendant owed the debt sued for, plaintiff then moved for summary judgment and following a hearing on both motions judgment was entered denying defendant's and granting plaintiff's.

*Kluttz, Hamlin, Reamer, Blankenship and Kluttz, by Richard R. Reamer, for plaintiff appellee.*

*Marvel E. Daniels, pro se, defendant appellant.*

PHILLIPS, Judge.

[1, 2] Even though plaintiff had the burden of proof, the order of summary judgment against defendant was properly entered and we affirm it, since the evidence as to defendant's indebtedness was not only uncontradicted it was highly credible. *Kidd v. Early,* 289 N.C. 343, 222 S.E. 2d 392 (1976); *Blackwell v. Massey,* 69 N.C. App. 240, 316 S.E. 2d 350 (1984). For in answering plaintiff's interrogatories defendant admitted under oath that she received electrical service from plaintiff during the period involved and signed a document acknowledging that she owed the bill sued for; there

Duke Power Co. v. Daniels

was evidence that the meter at defendant's place worked properly and had been read correctly; and defendant offered no proof of payment, an affirmative defense. 10 Strong's N.C. Index 3d, *Payment* Sec. 4 (1977). Nevertheless, without the support of an assignment of error so maintaining, as Rule 10, N.C. Rules of Appellate Procedure requires, defendant pointlessly argued in the brief that there was an issue of fact for the jury to try. Another groundless contention, also unsupported by an assignment of error, is that plaintiff's action was not brought by "the real party in interest" as required by Rule 17, N.C. Rules of Civil Procedure, whereas the record indisputably shows that Duke Power Company is the real party in interest and that it, as the plaintiff, brought the action, rather than Trudy Wall, who merely signed the complaint upon plaintiff's behalf. The three assignments of error that defendant did file have no more merit. Indeed, the first one presents nothing for us to determine, since it is a broadside assignment that does not state the question it was intended to raise. *Kleinfeldt v. Shoney's of Charlotte, Inc.*, 257 N.C. 791, 127 S.E. 2d 573 (1962). The second assignment is that the case should have been dismissed because "plaintiff, not a natural person, suing in a representative capacity which did not indicate the capacity and authority of the parties bringing the action" violated Rule 9(a), N.C. Rules of Civil Procedure. If we understand the meaning of this indefinitely worded assignment, and we may not, it is based upon a misunderstanding of both Rule 9(a) and the nature of this action. For the action was not brought in a "representative capacity," either by Ms. Wall or plaintiff; it was brought on its own behalf by Duke Power Company, as the record indisputably shows, and Ms. Wall, an agent and employee, merely signed the complaint for plaintiff. That she did not then indicate she was signing as the company's agent and employee was a harmless oversight with no legal consequences. Certainly such a slight discrepancy is not to be equated with the failure of an administrator, guardian, trustee or other representative suing for the benefit of an estate or beneficiary to affirmatively state that fundamental fact and the basis for his authority, as Rule 9(a) requires.

[3] By her other assignment of error defendant contends that none of the courts in which this matter has been litigated ever acquired jurisdiction over it because plaintiff's complaint in the

Magistrate's court was signed by its lay agent and employee, Trudy Wall. The argument is that by having its lay employee sign the complaint in the Small Claims Division of our court system, plaintiff corporation practiced law in violation of the provisions of G.S. 84-5; which strikes us as far-fetched and unsound for several reasons. First, we do not believe that a corporation that merely fills in and signs one of the simple complaint forms that the General Assembly itself devised, G.S. 7A-232, and that our clerks of court regularly supply to prospective plaintiffs in small claims actions, is practicing law within the contemplation of G.S. 84-5, the main purpose of which is to prohibit corporations from performing legal services for *others*. Second, even if such an innocuous act is deemed to technically violate the statute, it is not of such gravity, in our opinion, as to deprive the court of jurisdiction and justify the dismissal of plaintiff's action. Third, in enacting our small claims court system and in devising the simple forms and procedures that are used and followed therein, Article 19, Chapter 7A, N.C. General Statutes, the General Assembly apparently intended, it seems to us, to provide our citizens, corporate as well as individual, with an expedient, inexpensive, speedy forum in which they can process litigation involving small sums without obtaining a lawyer, if they choose to do so. *See*, Haemmel, *The North Carolina Small Claims Court—An Empirical Study*, 9 W.F.L. Rev. 503 (1973). This decision, of course, has no bearing upon litigation in any court but the Magistrate's court, as plaintiff has been represented by counsel since defendant appealed to the District Court.

It is somewhat ironical that defendant largely bottoms her appeal upon plaintiff not being represented by counsel in the small claims court; for the foundationless and misguided course that defendant has followed since she was served with process strongly indicates the need for advice by learned counsel.

Affirmed.

Judges COZORT and GREENE concur.