FIRST UNION NATIONAL BANK v. LATTY G. RICHARDS AND PEGGY RICHARDS

No. 8825DC151

(Filed 5 July 1988)

1. **Judgments § 37; Rules of Civil Procedure § 41— appeal from magistrate to district court for trial de novo—voluntary dismissal taken—magistrate's order not res judicata**

    Plaintiff's appeal from a magistrate's judgment for a trial *de novo* in district court completely annulled the judgment appealed from, and it was as if the case had been brought there originally so that plaintiff's voluntary dismissal of the action without prejudice in district court pursuant to N.C.G.S. § 1A-1, Rule 41(a) did not cause the magistrate's order to remain in effect and to become *res judicata.* Therefore, the trial court erred in granting defendants' motion for relief from a default judgment where they pled *res judicata* as a meritorious defense.

**2. Rules of Civil Procedure § 41— appeal de novo from magistrate's judgment— voluntary dismissal in district court**

    There was no merit to defendants' contention that N.C.G.S. § 1A-1, Rule 41(a)(1) is not available in actions in the district court on appeal *de novo* from a magistrate's judgment because N.C.G.S. § 7A-228, a specific statute governing the appeal from a magistrate, prevents Rule 41(a)(1) from applying, since the requirements of N.C.G.S. § 7A-228 are not inconsistent with those of the Rule.

**3. Judgments § 37; Rules of Civil Procedure § 41— magistrate's judgment not final judgment—appeal to district court—voluntary dismissal**

    There was no merit to defendants' contention that a magistrate's judgment was a final judgment pursuant to N.C.G.S. §§ 7A-225 and 7A-226, since those statutes merely established priority of liens, do not address the effect of a voluntary dismissal in district court, and do not alter plaintiff's right to voluntarily dismiss the action without prejudice.

APPEAL by plaintiff from *Cloer (Stewart), Judge.* Order entered 23 September 1987 and filed 13 November 1987 in District Court, CALDWELL County. Heard in the Court of Appeals 2 June 1988.

On 22 April 1977, defendants executed an installment note under seal to First National Bank of Catawba County. That bank later merged with plaintiff. On 14 November 1985, plaintiff filed a complaint against defendants in Caldwell County Small Claims Court seeking the amount due under the note. On 26 November 1985, the magistrate dismissed plaintiff's claim with prejudice for "fail[ure] to prove [its] case by the greater weight of the evidence" and "due to statutes of limitations." Plaintiff gave notice of appeal to Caldwell County District Court on 4 December 1985. On 10 March 1986, plaintiff took a voluntary dismissal without prejudice.

On 18 July 1986, plaintiff initiated this action in Caldwell County District Court seeking the balance due under the installment note. Defendants did not file a responsive pleading, and on 12 September 1986 the clerk signed a default judgment against defendants. On 22 October 1986, defendants filed a motion pursuant to G.S. 1A-1, Rule 60(b) to set aside the judgment as void.

Through several amended orders, Judge Cloer allowed defendants' motion to set aside the judgment and gave defendants time to answer the complaint. Defendants' answer included a motion to dismiss the complaint pursuant to G.S. 1A-1, Rule 12(b)(6).

Plaintiff filed a motion for summary judgment. Again through several amended orders, Judge Cloer denied plaintiff's motion for summary judgment and granted defendants' motion to dismiss on the basis that the magistrate's judgment was reinstated by plaintiff's voluntary dismissal of the original action. The trial judge also concluded that the magistrate's judgment was *res judicata* to the present action. The trial court denied plaintiff's motion for attorneys' fees and reserved ruling on defendants' request for attorneys' fees until final disposition of this appeal. Plaintiff appeals.

*Clontz and Clontz, by Ralph C. Clontz III, for plaintiff-appellant.*

*Todd, Vanderbloemen, Respess and Brady, P.A., by William W. Respess, Jr., for defendants-appellees.*

SMITH, Judge.

Plaintiff brings forward several assignments of error. First, it contends the trial court erred in granting defendants' motion for relief from the default judgment. In its second assignment of error, plaintiff contends the court erred by granting defendants' motion to dismiss. Third, plaintiff assigns error to the trial court's denial of plaintiff's motion for summary judgment. In its final assignments of error, plaintiff contends the trial court erred by failing to grant its motions for attorneys' fees. We hold the trial court erred in setting aside the default judgment. In light of our holding, we need not address plaintiff's other assignments of error with the exception of the assignments of error regarding attorneys' fees.

[1] In its first assignment of error, plaintiff contends the trial court erred by granting defendants' motion for relief from the default judgment. To be entitled to relief under G.S. 1A-1, Rule 60(b), the moving party "must show both the existence of one of the stated grounds for relief, and a 'meritorious defense'." *In re Hall*, 89 N.C. App. 685, 686, 366 S.E. 2d 882, 884 (1988). In their brief, defendants contend the judgment was properly set aside under Rule 60(b)(1) for "excusable neglect." Whether such neglect exists, defendants have failed to show a meritorious defense. The setting aside of the default judgment was thus error.

In support of the motion to set aside the default judgment, defendants alleged the defense of *res judicata*. Under this doctrine, a final judgment on the merits is conclusive as to rights, questions and facts in issue in subsequent actions involving the same parties or their privies. *King v. Grindstaff*, 284 N.C. 348, 200 S.E. 2d 799 (1973). "Basic to the doctrine of res judicata is the premise that a plea of res judicata must be founded on an adjudication — a judgment on the merits." *Taylor v. Electric Membership Corp.*, 17 N.C. App. 143, 145, 193 S.E. 2d 402, 403 (1972). There was no final judgment in the first action, so the doctrine of *res judicata* does not apply. Defendants' contention that the magistrate's judgment became a final judgment when plaintiff took a voluntary dismissal of the first action is without merit. After the magistrate's judgment was entered, plaintiff exercised its right to appeal for trial *de novo* in the district court pursuant to G.S. 7A-228(a). If plaintiff had failed to appear at that trial and prosecute its appeal, the appeal would have been dismissed and the magistrate's judgment affirmed. G.S. 7A-228(c). The same result would have occurred had plaintiff withdrawn or dismissed its appeal. However, plaintiff did not abandon, dismiss or withdraw its appeal but rather took a voluntary dismissal of the action pursuant to G.S. 1A-1, Rule 41(a).

We find no cases construing the nature of the district court *de novo* trial under G.S. 7A-228. However, we are guided by cases construing the nature of the *de novo* trial in superior court following an adjudication in district court. "When an appeal as of right is taken to the Superior Court, in contemplation of law it is as if the case had been brought there originally and there had been no previous trial. The judgment appealed from is completely annulled and is not thereafter available for any purpose." *State v. Sparrow*, 276 N.C. 499, 507, 173 S.E. 2d 897, 902 (1970). The only exception, not applicable here, is a defendant's right to withdraw an appeal pursuant to G.S. 15A-1431(g). When plaintiff gave notice of appeal for trial *de novo* in district court, it was as if the case had been brought there originally.

[2] Defendants contend that Rule 41(a)(1) is not available in actions in the district court on appeal *de novo* from a magistrate's judgment. By its express terms, the rule applies "[s]ubject to the provisions of . . . any statute of this State." G.S. 1A-1, Rule 41(a)(1). Defendants contend G.S. 7A-228, a specific statute govern-

ing the appeal from a magistrate, prevents Rule 41(a)(1) from applying. According to defendants, if the trial *de novo* is voluntarily dismissed, the appeal itself is dismissed and the original magistrate's order remains in effect; otherwise, Rule 41(a)(1) would allow plaintiff "three trials" to secure a satisfactory judgment. We do not agree with defendants' analysis.

The requirements of G.S. 7A-228 are not inconsistent with those of Rule 41(a)(1). G.S. 7A-228 sets forth the right to appeal for trial *de novo* in district court and the procedures to perfect the appeal. Rule 41(a)(1) sets forth the right to a voluntary dismissal and the procedures to effect the dismissal. G.S. 7A-228 does not address the same phase of the action as Rule 41(a)(1); the rule is therefore not "subject to" the provisions of the statute. Plaintiff was entitled to dismiss the district court action "by filing a notice of dismissal at any time before the plaintiff rest[ed] [its] case." Rule 41(a)(1)(i). The rule applies "in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute." G.S. 1A-1, Rule 1. Plaintiff is not deprived of its right to voluntary dismissal simply because the action was originally before the magistrate, an officer of the district court pursuant to G.S. 7A-170.

[3] Defendants also contend the magistrate's judgment was a final judgment pursuant to G.S. 7A-225 and G.S. 7A-226. Under these statutes, the magistrate's judgment became a lien when docketed and the priority of a subsequent lien from a trial *de novo* in district court dates from the time of the magistrate's judgment. According to defendants, when the district court action was voluntarily dismissed, the original judgment did not merge into a subsequent district court judgment but remained as a lien and thus as a final determination on the merits. Again we disagree with defendants' analysis. G.S. 7A-225 and 7A-226 merely establish priority of liens; the statutes do not address the effect of a voluntary dismissal in the district court. Rule 41(a)(1) allows plaintiff to voluntarily dismiss the action without prejudice and G.S. 7A-225 and 7A-226 do not alter this right. Defendants' argument to the contrary is without merit.

We now address plaintiff's assignment of error relating to the trial court's failure to award plaintiff attorneys' fees. The

note in the instant case provides in part for the recovery of a "reasonable attorney's fee" as allowed by law if an attorney is employed to collect the note. G.S. 6-21.2 specifically authorizes an award of attorneys' fees in the event of recovery on the note. In light of our holding that the trial court erred in setting aside the default judgment, we reverse the trial court's denial of attorneys' fees and remand to the trial court for a determination of the amount to be awarded.

The district court's order setting aside the default judgment was error. Defendants have shown no meritorious defense and are not entitled to relief from the default judgment. In light of our holding that the trial court erred in setting aside the default judgment, it is not necessary to address plaintiff's assignments of error regarding the failure of the trial judge to grant plaintiff's motion for summary judgment and the trial court's granting of defendant's motion to dismiss. The order granting relief from the default judgment and the order dismissing plaintiff's action are reversed.

Reversed and remanded.

Judges EAGLES and ORR concur.