DAVID G. JONES, Plaintiff v. EDWARD D. RATLEY and BEST ROOFING COMPANY, Defendant

No. COA03-1496

(Filed 18 January 2005)

**1. Small Claims— de novo appeal to district court—informal process**

The district court did not err in a de novo trial from small claims court where defendant apparently contended that the court did not make adequate conclusions and speculated that the court based its decision on a theory of fraud that was not pled with particularity. Defendant does not explain how the claim involved fraud, a complaint in a small claims action need be in no particular form, the legislature intended the informal processes of the small claims court to continue in the de novo appeal, and

**JONES v. RATLEY**

[168 N.C. App. 126 (2005)]

the district court on a de novo appeal has the discretion to order further pleadings or to try the case as pled.

**2. Small Claims— appeal to district court—no answer**

There was no error in a district court trial de novo from small claims court where the court found that no answer was filed by defendant, as no answer is required in small claims (no response is a general denial). Defendant does not argue that the finding is erroneous or explain how he was harmed.

**3. Courts— district—finding—supported by evidence**

The evidence supported the district court's finding and conclusion regarding disputed funds paid from a closing under the belief that there was a valid judgment on the record.

**4. Trials— judicial notice—not requested—necessary information not supplied**

The trial court did not abuse its discretion by not taking judicial notice that judgments are public records that could have been checked by a closing attorney where defendant did not argue that he requested that the court take judicial notice or that he supplied the court with the necessary information.

Judge TYSON dissenting.

Defendant appeals from judgment entered 8 August 2003 by Judge Thomas G. Foster, Jr. in Guilford County District Court. Heard in the Court of Appeals 1 September 2004.

*Douglas S. Harris, for defendant-appellant.*

*No brief filed for plaintiff-appellee.*

HUDSON, Judge.

On 1 July 2002, plaintiff Jones filed a small claims "complaint for money owed" on an Administrative Office of the Courts (AOC) form, alleging that he had sent $2,000 to defendant "in error." On 3 September 2002, the small claims court, using an AOC form Judgment, agreed "that the plaintiff has proved the case by the greater weight of the evidence," and ordered defendant Ratley and Best (hereinafter "Ratley") to pay plaintiff $2,000. Ratley appealed to the district court and on 27 November 2002, the district court arbitrator entered an arbitration award and judgment in favor of Jones. Ratley requested a trial *de novo* in district court, which was held on

3 March 2003. After the court awarded $2,000 to Jones, Ratley appealed. We affirm.

The record includes no transcript, but does contain documentary evidence. From these documents, it appears that in 1997 Ratley sued Jones in Randolph County for $2,000, seeking payment for work Ratley alleged he completed for Jones. Ratley contends in his brief that Jones's mortgage company contacted him at the time and requested that he drop the suit so that Jones's closing could proceed. In return, Ratley would be paid $2,000 out of the closing. Ratley introduced a letter he wrote to the mortgage company on 5 July 2000 indicating he would drop his suit upon receipt of the $2,000. However, the record indicates that the case was dismissed on 13 June 2000 by entry of an order entitled "Order of Dismissal (Pursuant to Rule 41 (b))." N.C. Gen. Stat. § 1A-1, Rule 41(b) (2003) (involuntary dismissal "for failure of the plaintiff to prosecute"). The date of the order preceded by several weeks the letter to the mortgage company, when "the plaintiff ["Ratley"] informed the court that he did not wish to proceed." The current case arose when Jones sued Ratley in 2002, claiming that he sent $2,000 to Ratley in error.

[1] Defendant contends here that the court erred by "making no findings as to what theory of law" supported its judgment. In his brief, defendant appears to be arguing actually that the court did not make adequate conclusions of law, as it did not specify its legal theory, but he cites no authority for this proposition. Defendant then speculates that the trial court based its decision on a theory of fraud and argues that fraud was not pled with particularity by plaintiff here. Although defendant cites cases supporting the argument that fraud must be pled with particularity, he does not explain how this claim involved fraud. To the contrary, defendant acknowledges that "[p]laintiff speaks of an error, but never really says that he was defrauded." Thus we decline to hold that those cases apply. In addition, the complaint in a small claim action "need be in no particular form, but is sufficient if in a form which enables persons of common understanding to know what is meant." N.C. Gen. Stat. § 7A-216 (2003). Furthermore, in a trial de novo on appeal to the district court, the judge "may order repleading or further pleading . . . or may try [the case] on the pleadings as filed." G.S. § 7A-229 (2003) (emphasis added). Thus, the statute leaves it to the discretion of the court to decide whether the pleadings need detail.

Defendant also fails to cite any legal authority supporting his assertion that the trial court must provide more detailed legal con-

clusions in an appeal to the district court from small claims court. While Rule 52 of the North Carolina Rules of Civil Procedure requires that the trial courts in general state conclusions of law separately, we believe the General Assembly has indicated that these types of formalities do not apply in small claims proceedings, including the *de novo* appeal in district court. The "simple forms and procedures" of small claims court were devised by the legislature to provide citizens with "an expedient, inexpensive, speedy forum in which they can process litigation involving small sums without obtaining a lawyer." *Duke Power Co. v. Daniels*, 86 N.C. App. 469, 472, 358 S.E.2d 87, 89 (1987). In order to facilitate simplified litigation, many of the rules of civil procedure do not apply to small claims court. *See, e.g.*, G.S. § 7A-216 (2003) (no particular form of complaint required); G.S. § 7A-220 (2003) (no required pleadings other than complaint); G.S. § 7A-222 (2003) (rules of evidence "generally are observed"). Thus, in the absence of any statute or other authority suggesting that legal theories be formally described in these cases, we decline to create such a requirement.

Further, reading the statutory provisions governing appeals from small claims, G.S. §§ 7A-225, et seq., *in pari materia*, we conclude that unless otherwise specified, the legislature intended that the informal processes of the small claims court continue in the *de novo* appeal. In this regard, G.S. § 7A-229 provides: "The district judge before whom the action is tried may order repleading or further pleading by some or all of the parties; may try the action on stipulation as to the issue; or may try it on the pleadings as filed." Here, the district court did not require further pleadings and did make findings of fact and conclusions of law, indicating that "plaintiff over paid defendant in an amount not less than $2,000" and that plaintiff was entitled to recover that sum plus interest. The documents support the findings, which in turn support the conclusions and the judgment. We conclude that the court acted within the statutory process and properly exercised its discretion, and we decline to disturb the judgment on this basis.

[2] Defendant also argues that the court erred in finding that no answer or other responsive pleading was filed by defendant, as no answer is required in a proceeding appealed from the magistrate's court. As noted above, in a small claims action, no pleadings beyond a complaint are required and no response is considered a general denial. G.S. § 7A-220 (2003). Defendant does not argue that the finding was erroneous, nor does he explain how the court's

finding harmed him or influenced the case. We overrule this assignment of error.

**[3]** Defendant also asserts that the court erred by finding that plaintiff's closing attorney gave defendant $2,000 under the belief that there was a valid judgment on the record. Defendant contends that there was no basis to support this finding. "A judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980). Here, we conclude that evidence did support the court's finding and conclusion, specifically the letter from defendant to the plaintiff's mortgage company promising to "dismiss" the suit in return for $2,000 when it had already been dismissed. Defendant's argument has no merit.

**[4]** Defendant further argues that the court erred by not taking judicial notice of the fact that judgments are public records and plaintiff's closing attorney thus had constructive notice of the status of any judgment. We disagree. Rule 201 of the North Carolina Rules of Evidence clearly states that judicial notice is discretionary: "A court *may* take judicial notice, whether requested or not." G.S. § 8C-1, Rule 201 (c) (2003) (emphasis added). Judicial notice is mandatory only where "requested by a party and supplied with the necessary information." G.S. § 8C-1, Rule 201 (d). Here, defendant does not argue that he requested the court take judicial notice or that he supplied the court with the necessary information. Thus, the trial court did not abuse its discretion by failing to take judicial notice.

Finally, defendant asserts that no theory of law exists which would support an award for plaintiff and that the court erred in not reaching this conclusion. We have discussed the essence of this argument above, under defendant's first assignment of error, and for the same reasons, we find it lacks merit.

Affirmed.

Judge BRYANT concurs.

Judge TYSON dissents.

TYSON, Judge dissenting.

The trial court's Judgment fails to: (1) set forth proper conclusions of law; (2) make a finding of fact regarding whether plaintiff

was obligated to pay $2,000.00 to Ratley; and (3) address whether plaintiff should have had notice of the dismissal taken by in the earlier action. I would reverse and remand the trial court's judgment. I respectfully dissent.

## I. *De Novo* Review at the District Court

The majority's opinion holds that "the legislature intended that the informal processes of the small claims court continue in the *de novo* appeal" and relies largely upon the case of *Duke Power Co. v. Daniels*, 86 N.C. App. 469, 358 S.E.2d 87 (1987). I disagree.

In *Duke Power Co.*, the plaintiff originally brought an action in small claims court. 86 N.C. App. at 470, 358 S.E.2d at 88. The defendant appealed to the District Court, and again appealed from that order granting summary judgment. *Id.* This Court recognized the parties conducted discovery and were represented by counsel in the district court, despite the lack of either of these procedures before the small claims court. *Id.* at 470-71, 358 S.E.2d at 88. In affirming the trial court's judgment, we reviewed the applicable North Carolina Rules of Civil Procedure and the North Carolina Rules of Appellate Procedure. *Id.* at 471, 358 S.E.2d at 88-89. We indicated the triggering of these rules upon appeal to the district court from a decision in small claims court. *Id.*

Here, the majority's opinion avers "the informal processes of the small claims court continue in the *de novo* appeal." Contrary to the holding of the majority's opinion, *Duke Power Co.* supports the application of the general rules to *all* cases in district court, including those that originate in small claims court but are appealed for trial *de novo*. *Id.*

"Any judgment rendered by the magistrate is a judgment of the district court and is appealable to the district court for a trial *de novo*." *Chandak v. Electronic Interconnect Corp.*, 144 N.C. App. 258, 263, 550 S.E.2d 25, 29 (2001) (citing N.C. Gen. Stat. § 7A-224 (1999); N.C. Gen. Stat. § 7A-228 (1999)). In explaining "the nature of the district court *de novo* trial" on appeal from a magistrate's judgment rendered in small claims court, this Court looked to "cases construing the nature of the *de novo* trial in superior court following an adjudication in district court." *First Union National Bank v. Richards*, 90 N.C. App. 650, 653, 369 S.E.2d 620, 621-22 (1988). Precedent shows, "[W]hen an appeal as of right is taken to the [trial court], in contemplation of law *it is as if the case had been brought there originally*

and there had been no previous trial. The judgment appealed from is completely annulled and is not thereafter available for any purpose.' " *Id.* at 653, 369 S.E.2d at 621-22 (emphasis supplied) (quoting *State v. Sparrow,* 276 N.C. 499, 507, 173 S.E.2d 897, 902 (1970)). This Court summarized, "[W]hen plaintiff gave notice of appeal for trial *de novo* in district court, *it was as if the case had been brought there originally." First Union National Bank,* 90 N.C. App. at 653, 369 S.E.2d at 622 (emphasis supplied). Following the reasoning in *Duke Power Co.,* we review the district court's order anew and apply the standards normally employed in reviewing an order entered by the trial court following a trial without a jury. *Id.*

## II.  Standard of Appellate Review

The trial court must enter an order such that the appellate court can readily understand the basis of the order or judgment. In *Coble v. Coble,* 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980), our Supreme Court held:

> Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. Evidence must support findings; findings *must support conclusions; conclusions* must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto.

Here, the trial court failed to make adequate findings of fact and conclusions of law to support its judgment. "Under our rules, where a case is tried before a court without a jury, findings of fact and conclusions of law sufficient to support a judgment are essential parts of the decision making process." *Bank v. Easton,* 12 N.C. App. 153, 155, 182 S.E.2d 645, 646, *cert. denied,* 279 N.C. 393, 183 S.E.2d 245 (1971); *see also Department of Transp. v. Byerly,* 154 N.C. App. 454, 458, 573 S.E.2d 522, 524-25 (2002) ("one mixed finding of fact and conclusion of law regarding defendant's adverse possession claim . . . forms an inadequate basis for this Court to conduct a review and assess appellant's contentions.").

Here, the trial court found that "[Ratley] received a check . . . based upon the representation and belief that a valid judgment was of

record . . . ." The trial court further found "that said Judgment or claim had in fact been dismissed . . . ." The record on appeal includes only an "Order of Dismissal Pursuant to Rule 41(b)." Although the Order dismisses Ratley's action "under Rule 41(b) of the Rules of Civil Procedure," the Order states, "Upon the call of the case, the Plaintiff [Ratley, defendant in this action] informed the Court that he/she did not wish to proceed with this action." Further, plaintiff, who was the defendant in the earlier action, did not move for dismissal as contemplated under Rule 41. *See* N.C. Gen. Stat. § 1A-1, Rule 41(b) (2003). The dismissal is a voluntary dismissal pursuant to Rule 41(a), not an involuntary dismissal pursuant to Rule 41(b).

No portion of Rule 41 permits a trial court to "dismiss" a judgment already entered. Neither a judgment from the prior case, nor an order vacating the judgment, appears in the record on appeal, other than Ratley's reference in his letter offering to release the judgment "recorded in Deed Book 57, page 36." The trial court erred by finding that "said Judgment . . . had been dismissed . . . " pursuant to Rule 41(b).

Additionally, no evidence supports the trial court's finding that "Plaintiff over paid [sic] [Ratley] in an amount not less than $2,000.00." The evidence showed that plaintiff made only one payment to Ratley in the amount of $2,000.00. The trial court's Judgment errs by finding an "overpayment."

The trial court also failed to make findings of fact, or state a basis to support its only conclusion of law that stated, "Plaintiff is entitled to recover of [Ratley] the principal sum of $2,000.00 plus interest at the legal rate from July 1, 2002."

### III. Notice

The trial court also failed to make a finding of fact regarding whether plaintiff was estopped from seeking a return of the monies paid based on notice and his own actions. Plaintiff was a party to the prior action, and the record shows plaintiff received a letter dated 5 July 2000 from Ratley agreeing to release the judgment recorded in "Deed Book 57, page 36" upon receipt of payment. Plaintiff failed to verify Ratley's dismissal prior to remitting the $2,000.00 payment to him.

Even if payment was made after Ratley took a voluntary dismissal, plaintiff failed to produce any evidence that the debt never

existed or that the sum he paid was not in satisfaction of a valid debt or pursuant to a contractual agreement between the parties. As a party to the first action, plaintiff was on notice of Ratley's claims. Although Ratley took a voluntary dismissal, he was free to file "a new action based on the same claim . . . within one year." N.C. Gen. Stat. § 1A-1, Rule 41(a)(1). The act of a voluntary dismissal did not adjudicate the merits of Ratley's claim or create a judicial determination that Ratley was not lawfully owed the money that plaintiff had paid to him. *See* N.C. Gen. Stat. § 1A-1, Rule 41(a)(2) (2003) ("Unless otherwise specified in the order, a dismissal under this subsection is without prejudice.").

Public notice of the dismissal was available to plaintiff prior to payment. The trial court's Judgment rewards plaintiff for his failure to fulfill his obligations and to know what actions were pending against him without a finding that his actions were proper under the law.

## IV. Conclusion

The abbreviated procedures that are permissible in small claims court allow prompt resolution of disputes that do not exceed $4,000.00, while allowing for a full *de novo* review upon appeal by the party against whom judgment was entered by the magistrate. N.C. Gen. Stat. § 7A-210 (2003); N.C. Gen. Stat. § 7A-228 (2003); *see also* 2004 N.C. Sess. Law c. 128, § 1 (increasing amount to $5,000.00 effective 1 October 2004). The majority's opinion abolishes the *de novo* aspect of the appeal, with all its attendant procedural rights and processes. Magistrates are not required to be attorneys, and some litigants in small claims court do not avail themselves of counsel or procedural processes in reliance on the right to *de novo* appeal to district court.

The trial court's error in failing to make adequate findings of fact and state the basis for its conclusion of law limits our ability to review this Judgment. The Judgment fails to contain "essential parts of the decision making process." *Bank*, 12 N.C. App. at 155, 182 S.E.2d at 646. I would reverse and remand the Judgment for entry of findings of fact supported by the evidence presented and conclusions of law upon which the trial court relied in ordering Ratley to return $2,000.00 "over paid" to plaintiff. I respectfully dissent.