DON SETLIFF & ASSOCIATES, INC., PLAINTIFF v. SUBWAY REAL ESTATE CORP., DEFENDANT

No. COA05-1423

(Filed 5 July 2006)

**Small Claims— appeal to district court—estoppel defense— failure to plead—no waiver**

Defendant did not waive its affirmative defense of estoppel because it was not pled in accordance with N.C.G.S. § 1A-1, Rule 8(c) upon appeal from small claims court to the district court for a trial de novo because no affirmative defenses are required to be pled in small claims court, N.C.G.S. § 7A-220, and a district court judge may try the case on the pleadings filed, N.C.G.S. § 7A-229.

Appeal by Plaintiff from judgment entered 15 July 2005 by Judge Thomas G. Foster, Jr. in District Court, Guilford County. Heard in the Court of·Appeals 6 June 2006.

*Wyatt Early Harris Wheeler, LLP, by Stanley F. Hammer, for plaintiff-appellant.*

*Norman L. Sloan for defendant-appellee.*

WYNN, Judge.

"There are no required pleadings in assigned small claim actions other than the complaint."[1] Here, Plaintiff contends that Defendant waived its affirmative defense of estoppel because it was not pled in accordance with North Carolina Rule of Civil Procedure

---

1. N.C. Gen. Stat. § 7A-220 (2005).

DON SETLIFF & ASSOCS. v. SUBWAY REAL ESTATE CORP.

[178 N.C. App. 385 (2006)]

8(c) upon appeal from small claims court to the district court for a trial *de novo*. Because no affirmative defenses are required to be pled in small claims court, and a district court judge may try the case on the pleadings filed,[2] we hold that Defendant did not waive its affirmative defense by failing to plead it.

In January 1996, Plaintiff Don Setliff & Associates, Inc., leased to Defendant Subway Real Estate Corporation the premises of 121 East Main Street, Jamestown, North Carolina, by terms of a written lease. On 14 February 2005, Setliff, Inc. filed a Complaint in Summary Ejectment in small claims court alleging that Subway Real Estate breached the lease by failing to pay any real estate taxes or special assessments. Following trial in small claims court, on 24 March 2005, the magistrate found that Subway Real Estate breached the lease by failing to pay taxes and ordered Subway Real Estate removed from the premises.

On 29 March 2005, Subway Real Estate gave notice of appeal to the district court. Following a trial *de novo*, District Court Judge Thomas G. Foster, Jr., found and concluded that Subway Real Estate breached the lease and was indebted to Setliff, Inc. for $13,789.98,[3] the amount of past due taxes, and that Setliff,. Inc. was estopped to assert Subway's failure to pay taxes as a basis for termination of.the lease and ejectment. Setliff, Inc. appeals.

---

On appeal, Setliff, Inc. argues that the trial court erred in concluding that it was estopped from asserting Subway Real Estate's failure to pay taxes as a breach of the lease agreement, because Subway Real Estate never pled estoppel as a defense pursuant to North Carolina Rule of Civil Procedure 8(c). We disagree.

Rule 8(c) requires parties asserting an affirmative defense, i.e., estoppel, to plead the defense in order to assert it at trial. N.C. Gen. Stat. § 1A-1, Rule 8(c) (2005). However, section 7A-220 of the North Carolina General Statutes provides that: "There are no required pleadings in assigned small claim actions other than the complaint. Answers and counterclaims may be filed by the defendant in accordance with G.S. 7A-218 and G.S. 7A-219. Any new matter pleaded in avoidance in the answer is deemed denied or avoided."

---

2. N.C. Gen. Stat. § 7A-229 (2005).

3. The amount listed in the facts and conclusions of law is $13,789.98, but the trial court then ordered payment in the amount of $13,798.98. This appears to be a scrivener's error on the part of the trial court and there is no dispute on appeal of the amount of payment.

N.C. Gen. Stat. § 7A-220. Further, section 7A-218 provides in pertinent part: "Failure of defendant to file a written answer after being subjected to the jurisdiction of the court over his person constitutes a general denial." N.C. Gen. Stat. § 7A-218 (2005). Accordingly, Subway Real Estate was not required to file an answer in small claims court in order to preserve its defense of estoppel for the *de novo* trial in district court. *See Aldridge v. Mayfield*, 2004 N.C. App. LEXIS 1109, *9-10 (COA03-1006) (filed 15 June 2004) (unpublished) ("[D]efendants were not required to file a pleading that asserted the defense of *res judicata* in small claims court to preserve the issue for the district court.").

Nonetheless, Setliff, Inc. argues that although Subway Real Estate was not required to file an answer in small claims court, in order to try the issue of estoppel in district court, Subway Real Estate had to plead the defense in accordance with Rule 8(c) of the North Carolina Rules of Civil Procedure. Upon appeal from small claims court to district court, "[t]he district judge before whom the action is tried *may* order repleading or further pleading by some or all of the parties; *may* try the action on stipulation as to the issue; or *may* try it on the pleadings as filed." N.C. Gen. Stat. § 7A-229 (emphasis added). This statute gives discretion to the trial court as to whether further pleadings are needed or to try the case on the pleadings filed in small claims court, of which no answer is required, including a pleading of affirmative defenses. While Rule 8(c) does require affirmative defenses to be pled for cases arising in the superior or district courts, section 7A-218 allows for general denials for cases arising in small claims court. Section 7A-229 then gives discretion to the trial court whether, upon appeal to the district court for a trial *de novo*, to allow more pleadings beyond those filed in small claims court or to proceed in district court on the existing pleadings. However, a defendant has not waived an affirmative defense because the trial court, in its discretion, did not allow for further pleadings upon appeal to the district court. *See* N.C. Gen. Stat. § 7A-229.

Setliff, Inc. cites to *Jones v. Ratley*, 168 N.C. App. 126, 607 S.E.2d 38 (Tyson, J., dissenting), *rev'd per curiam*, 360 N.C. 50, 619 S.E.2d 504 (2005), in support of its contention that upon appeal to the district court the North Carolina Rules of Civil Procedure "fully apply." The dissent adopted by our Supreme Court without further opinion, held that upon appeal to the district court from small claims court, the district court judge was required to make adequate findings of fact and state the basis for its conclusion of the law to support its

**DON SETLIFF & ASSOCS. v. SUBWAY REAL ESTATE CORP.**

[178 N.C. App. 385 (2006)]

judgment. *Id.* at 134, 607 S.E.2d at 43. *Jones* addressed the requirements of the district court's judgments, not pleadings in the district court. Therefore, *Jones* is inapplicable to this case.

Accordingly, as Subway Real Estate was not required to plead its affirmative defense in small claims court and the district court tried the case on the pleadings as filed, Subway Real Estate did not waive its affirmative defense of estoppel. Therefore, the trial court did not err in considering the estoppel defense.

Affirmed.

Judges GEER and STEPHENS concur.