BROWN v. COUNTY OF AVERY

[164 N.C. App. 704 (2004)]

———————————

RANDY BROWN, PLAINTIFF v. COUNTY OF AVERY, DEFENDANT

No. COA03-805

(Filed 1 June 2004)

**1. Trials— appeal from magistrate to district court—arbitration—trial de novo—dismissed—posture of case**

A district court judge hearing defendant's appeal from a magistrate's judgment had the authority to dismiss the appeal when defendant did not appear and did not render its decision under a misapprehension of the procedural posture of the case. Although the case involved both an appeal from the magistrate to district court and trial de novo after court-ordered arbitration, the court here was dealing with defendant's appeal from the magistrate's judgment and was not hearing an appeal from the arbitrator's award.

**2. Trials— continuance denied—no abuse of discretion**

A district court judge did not abuse its discretion by denying a continuance, under the facts of the case, where defendant's attorney was scheduled for mandatory training in bankruptcy court.

Appeal by defendant from order entered 7 March 2003 by Judge William A. Leavell, III, District Court, Avery County. Heard in the Court of Appeals 30 March 2004.

**BROWN v. COUNTY OF AVERY**

[164 N.C. App. 704 (2004)]

*Hall & Hall Attorneys At Law, P.C., by Douglas L. Hall, for Defendant.*

*Mr. Randy Brown, pro se.*

WYNN, Judge.

Under N.C. Gen. Stat. § 7A-228(c), which governs appeals for trial de novo from a Magistrate's judgment in small claims actions, if "the appellant fails to appear and prosecute his appeal, the presiding judge may have the appellant called and the appeal dismissed; and in such case the judgment of the magistrate shall be affirmed." Defendant, Avery County, North Carolina, argues the trial court abused its discretion by denying Defendant's request for a continuance and committed plain error in dismissing Defendant's appeal from magistrate court. We disagree and affirm the trial court's order.

The pertinent facts indicate Plaintiff, Randy Brown, was terminated from his employment as an Avery County Deputy Sheriff on or about 1 February 2002. He was notified by letter that due to a new Avery County policy, he would not be compensated for unused vacation time. Thereafter, Plaintiff filed a complaint for money owed against Avery County, seeking $974.29 for the unused vacation time.

The procedural history indicates Plaintiff filed a complaint for money owed on 18 June 2002 in the Small Claims Division of the District Court of Avery County. A hearing was scheduled before an Avery County Magistrate on 26 June 2002. After Defendant did not appear, a judgment was entered in favor of Plaintiff on 26 June 2002. Defendant filed a notice of appeal for a trial *de novo* in District Court on 3 July 2002. The matter was scheduled for court-ordered arbitration on 17 September 2002.[1]

---

1. Pursuant to Rule 1(a) of the Rules for Court-Ordered Arbitration, "appeals from judgments of magistrates in which there is claim or there are claims for monetary relief not exceeding $15,000 total, exclusive of interest, costs and attorneys' fees, are subject to court-ordered arbitration." "If a party who has been notified of the date, time and place of the hearing fails to appear without good cause therefor, the hearing may proceed and an award may be made by the arbitrator against the absent party upon the evidence offered by the parties present, but not by default for failure to appear." Rule 3(j) of the Rules for Court-Ordered Arbitration. "The award shall be in writing, signed by the arbitrator and filed with the court within 3 days after the hearing is concluded or the receipt of post-hearing briefs, whichever is later." Rule 4(a) of the Rules for Court-Ordered Arbitration. "Any party . . . who is dissatisfied with an arbitrator's award may have a trial de novo as of right upon filing a written demand for trial de novo with the court, and service of the demand on all parties, on an approved form within 30 days

BROWN v. COUNTY OF AVERY

[164 N.C. App. 704 (2004)]

Although the record indicates both parties received notice of the arbitration in this case, Plaintiff failed to attend. After considering the evidence presented, the arbitrator entered an award in favor of Defendant and taxed costs to Plaintiff on 17 September 2002. Thereafter, pursuant to Rules for Court-Ordered Arbitration Rule 5(a), Plaintiff filed a request for trial *de novo* on 25 September 2002. Therefore, a judgment was not entered on the arbitrator's award.

The trial *de novo* was scheduled for the 16 December 2002 term of District Court. However, the record indicates defense counsel was going to be unavailable for the 16 December 2002 term of District Court; so, the trial court re-calendared this matter for 27 January 2003. At the opening of the 27 January 2003 term of court, Defendant did not appear and the trial court explained to Plaintiff that another matter had a peremptory setting and that Plaintiff's case would not be addressed that day. The matter was rescheduled to the 5 March 2003 term.

On 26 February 2003, Defendant moved for a continuance as defense counsel was scheduled to attend a mandatory training at the U.S. Bankruptcy Court in Asheville, North Carolina on that same date. On 5 March 2003, defense counsel's secretary presented the trial court with a letter from defense counsel explaining the scheduling conflict and asking for either a continuance or that the matter be held open until that afternoon. The trial court denied Defendant's request and, pursuant to N.C. Gen. Stat. § 7A-228(c), dismissed Defendant's appeal, struck his pleadings and motions and affirmed the magistrate court's 26 June 2002 judgment in favor of Plaintiff. Defendant appeals.

This appeal presents issues of: (1) whether the trial judge acted under a misapprehension of the procedural posture of this case by dismissing Defendant's appeal from the Magistrate when Defendant had prevailed before the Arbitrator, and (2) whether the trial court abused its discretion by denying Defendant a continuance.

[1] In its order, the trial court dismissed Defendant's appeal from magistrate Court, struck his pleadings and motions and affirmed the Magistrate's Judgment in favor of Plaintiff, stating:

after the arbitrator's award has been filed." Rule 5(a) of the Rules for Court-Ordered Arbitration. "If the case is not terminated by agreement of the parties, and no party files a demand for trial de novo within 30 days after the award if filed, the clerk or the court shall enter judgment on the award, which shall have the same effect as a consent judgment in the action." Rule 6(b) of the Rules for Court-Ordered Arbitration.

BROWN v. COUNTY OF AVERY

[164 N.C. App. 704 (2004)]

this court has the authority, pursuant to Rule 41 of the North Carolina Rules of Civil Procedure, and under the facts previously stated, to dismiss the Defendant's appeal from Small Claims Court, on the Court's motion to strike the Defendant's pleadings and Motions and to affirm the Judgment of the magistrate, based on the Defendant's failure to prosecute his appeal.

Pursuant to Rule 41(b), "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him."

After Defendant filed its 2 July 2002 notice of appeal from the 26 June 2002 Judgment entered in Magistrate Court, this case was scheduled for court-ordered arbitration on 17 September 2002. After Plaintiff failed to appear, an award was entered in favor of Defendant based upon consideration of Defendant's evidence. A week later, on 25 September 2002, Plaintiff filed a written demand for a trial de novo pursuant to Rule 5 of the Rules for Court-Ordered Arbitration. In this context, "a trial de novo is not an 'appeal,' in the sense of an appeal to the North Carolina Court of Appeals from Superior Court or District Court, from the arbitrator's award." Rule 6 of the Rules for Court-Ordered Arbitration, "Comments." Rather, in non-binding arbitration, if a party is dissatisfied with an arbitrator's award, they may have a trial de novo as of right. *See* Rule 5(a) of the Rules for Court-Ordered Arbitration; *see also* N.C. Gen. Stat. § 7A-37.1(b). Thus, on 5 March 2003, the district court was not scheduled to hear Plaintiff's appeal from the Arbitrator's award; rather, the trial court was hearing Defendant's appeal from the magistrate's judgment. Accordingly, the trial court did not render its decision under a misapprehension of the procedural posture of this case and had authority pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b) and N.C. Gen. Stat. § 7A-228(c) to dismiss Defendant's appeal.

[2] Nonetheless, Defendant argues the trial court abused its discretion in denying Defendant's motion for a continuance. Continuances are granted "only for good cause shown and upon such terms and conditions as justice may require." N.C. Gen. Stat. § 1A-1, Rule 40(b). "Continuances are generally not favored, and the burden of showing sufficient grounds for a continuance is upon the party seeking it. Motions to continue are addressed to the sound discretion of the trial judge, who must determine whether the grant or denial of a continuance will be in furtherance of substantial justice. In making that determination, the trial judge must consider, in addition to the grounds for the motion, whether the moving party has acted with dili-

gence and in good faith, and may consider facts of record as well as facts within his judicial knowledge. The trial court's decision whether to grant or deny a motion to continue may be reversed only for a manifest abuse of discretion. An abuse of discretion occurs where the ruling of the trial court could not have been the result of a reasoned decision." *May v. City of Durham*, 136 N.C. App. 578, 581-82, 525 S.E.2d 223, 227 (2000).

As indicated in the General Rules of Practice for the Superior and District Courts Rule 3, "when an attorney has conflicting engagements in different courts, priority shall be as follows: Appellate Courts, Superior Court, District Court, Magistrate's Court." In this case, defense counsel requested a continuance because he needed to attend a mandatory training session in order to file documents in other court cases. However, as stated, whether to grant a continuance is within the sound discretion of the trial court and we conclude Defendant has not shown an abuse of discretion. Indeed, "attorneys, under the guise of having business requiring their presence elsewhere, ought not to be allowed to delay, defeat or prevent a litigant from having his case tried or being heard on a motion at some reasonably suitable and convenient time." *Jenkins v. Jenkins*, 27 N.C. App. 205, 206-07, 218 S.E.2d 518, 519 (1975) (affirming the trial court's refusal to grant a continuance where an attorney was handling a trial in superior court). Under the facts of this case, the record does not show that the trial court abused its discretion by denying Defendant's request for a continuance.

Affirmed.

Judges HUNTER and STEELMAN concur.