JOHN O. CARROLL, Plaintiff
v.
CEDRIC PERRY, Defendant
No. COA07-76
Court of Appeals of North Carolina.
Filed January 15, 2008
This case not for publication
No brief for plaintiff-appellee.
Cedric R. Perry, defendant-appellant, pro se.
HUNTER, Judge.
John O. Carroll ("plaintiff")[1] received a judgment in the amount of $5,000.00 against Cedric Perry ("defendant") on a small claims action on 20 February 2006.[2] Thereafter, defendant appealed that judgment to the district court. The hearing on the appeal was scheduled for 28-29 March 2006. Defendant then filed a motion to continue the hearing in file number 06 CVM 550 until 11 April 2006, stating that he had a conflict with a previously scheduled hearing. The underlying file number in the case set for appeal before the district court, however, was not 06 CVM 550, but rather 06 CVD 469. File number 06 CVM 550 pertained to litigation between the two parties on another matter, not on appeal to this Court. In any event, no ruling was obtained on the motion to continue.
On 28-29 March 2006, the dates on which defendant's appeal was to be heard, defendant was not present. The district court then dismissed defendant's appeal "for failure to prosecute[]" on 29 March 2006. Defendant then moved under North Carolina Rules of Civil Procedure 60(b)(1), (b)(4), and (b)(6) to set aside the dismissal of his appeal. The district court denied defendant's motions in an order entered 24 August 2006. Defendant appeals the denial of those motions.
Defendant presents the following issues for this Court's review: (1) whether the small claims court had personal jurisdiction over defendant, whether defendant was properly served with notice of the judgment, and whether the trial court erred by not making adequate findings of fact; and (2) whether the trial court erred in denying defendant's motion to continue. After careful consideration, we affirm the ruling of the trial court.

I.
Under his first assignment of error, defendant argues that the small claims court did not have personal jurisdiction, that he was not properly served with notice of the judgment under North Carolina Rule of Civil Procedure 58, and that the trial court erred by not making adequate findings of fact. For the following reasons, defendant's arguments are without merit. Under N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)a (2005), courts will have personal jurisdiction where a plaintiff "deliver[s] a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." In the instant case, service of summons was not made upon "the natural person." Instead, service was made upon Dian Cofield ("Cofield"). The return of the summons described her as a "legal asst." Thus, the issue before this Court is whether service upon Cofield was sufficient to operate as service upon defendant.
When service is challenged, N.C. Gen. Stat. § 1-75.10 (2005) prescribes how proof of service of process shall be made. An officer's return of the summons shows legal service, and the serving party is entitled to a rebuttable presumption of proper service. Granville Med. Ctr. v. Tipton, 160 N.C. App. 484, 489, 586 S.E.2d 791, 795 (2003). In the instant case, the sheriff's return of the summons states that the summons was: (1) left at the dwelling house or usual place of abode of defendant; (2) served upon a person of suitable age; and (3) served upon a person residing therein. Accordingly, all three requirements for substituted service found in Rule (4)(j)(1)a were satisfied, and plaintiff is entitled to a presumption of valid service.
Defendant's blanket statement in his brief that "[t]he summons . . . does not demonstrate that service was made on the defendant nor upon a person then living in the household of the defendant[,]"does not overcome the presumption of valid service. Indeed, defendant seems to argue that service of process is to be presumed invalid, and the burden is thus on the serving party to demonstrate to the contrary. Such is not the law of this state, and defendant's arguments on this issue are rejected.[3]
Defendant also argues that he was never served with the notice of the adverse judgment from the small claims court, and as such, the district court abused its discretion in denying his motions to set aside the dismissal of his appeal. We disagree.
Under North Carolina Rule of Civil Procedure 58, a judgment of a court must be served on all parties. N.C. Gen. Stat. § 1A-1, Rule 58 (2005). Under this rule, the party responsible for making the service is designated by the judge or, if no party was designated, then the party that prepared the judgment must serve it on all parties. Id. Defendant argues that he was never served with the judgment in this case and that the trial court's failure to grant his motions to set aside the dismissal of his appeal was therefore an abuse of discretion. Defendant, however, fails to note that under Rule 58, judgments entered by a magistrate in a small claims court that are "announced and signed in open court at the conclusion of a trial are considered to be served . . . on all parties[.]" Id. Here, the judgment was entered by a magistrate in a small claims action and was announced and signed in open court. Thus, defendant was considered served in accordance with Rule 58 at that time. Accordingly, defendant's arguments as to this issue are rejected.
Finally, under assignment of error number one, defendant argues that the trial court erred by failing to make adequate findings of fact that plaintiff had proven his case. We disagree.
"Any judgment rendered by the magistrate is a judgment of the district court and is appealable to the district court for a trial de novo." Chandak v. Electronic Interconnect Corp., 144 N.C. App. 258, 263, 550 S.E.2d 25, 29 (2001). "' When an appeal as of right is taken to the [trial court], in contemplation of law it is as if the case had been brought there originally and there had been no previous trial. The judgment appealed from is completely annulled and is not thereafter available for any purpose.'" First Union National Bank v. Richards, 90 N.C. App. 650, 653, 369 S.E.2d 620, 621-22 (1988) (quoting State v. Sparrow, 276 N.C. 499, 507, 173 S.E.2d 897, 902 (1970)). Defendant argues that the trial court cannot therefore dismiss his appeal because the trial court is required to rehear the case de novo.
Defendant, again, however, fails to note the law of this state:
Under N.C. Gen. Stat. § 7A-228(c) [(2005)], which governs appeals for trial de novo from a Magistrate's judgment in small claims actions, if "the appellant fails to appear and prosecute his appeal, the presiding judge may have the appellant called and the appeal dismissed; and in such case the judgment of the magistrate shall be affirmed."
Brown v. County of Avery, 164 N.C. App. 704, 705, 596 S.E.2d 334, 335 (2004). In the instant case, the trial court found that defendant failed to appear and prosecute his appeal. Accordingly, the trial court's dismissal of defendant's action was not error. Defendant's arguments as to assignment of error number one are therefore rejected.[4]

II.
Under defendant's second assignment of error, he argues that the trial court erred by not granting his motion to continue the hearing. We disagree.
Defendant never filed a continuance in this action. Instead, defendant filed a motion to continue file number 06 CVM 550, which was a different case between the same parties. The case pending before the trial court was file number 06 CVD 469. Having never filed a motion to continue in this action, defendant cannot now argue that the trial court erred by not granting a motion that was never filed. Accordingly, defendant's second assignment of error is rejected.

III.
In summary, we conclude that the small claims court and trial court had personal jurisdiction over defendant, that defendant was properly served with notice of the judgment, and that the trial court was under no obligation, given the facts presented here, to make findings of fact that plaintiff had proven his case. Additionally, we conclude that the trial court did not err in denying defendant's motion to continue the hearing. Defendant's assignments of error are therefore rejected and the ruling of the trial court is affirmed.
Affirmed.
Judges WYNN and JACKSON concur.
Report per Rule 30(e).
NOTES
[1] Plaintiff has not filed a brief with this Court.
[2] Plaintiff, in his complaint for money owed, alleged that defendant provided him with ineffective counsel services after his appeal was dismissed by this Court for failure to comply with the North Carolina Rules of Appellate Procedure in an unrelated action.
[3] Defendant's third assignment of error is dependent upon his success on his first assignment of error, in that he argues that the trial court did not have personal jurisdiction over him because the small claims court did not. Having concluded that the small claims court had personal jurisdiction over defendant, we also reject his assignment of error that the trial court did not have jurisdiction over defendant.
[4] Defendant's fourth assignment of error, that the trial court erred by failing to find that plaintiff had proved his claim, as defendant characterizes it, of ineffective assistance of counsel, is also rejected for the same reasons.