DUAYNE A. HOOLAPA, Plaintiff v. ROBBIN L. HOOLAPA (BAGGS), Defendant

No. 914DC194

(Filed 21 January 1992)

**Rules of Civil Procedure § 60.2 (NCI3d)— equitable distribution provision—motion for relief denied**

> The trial court did not err in denying plaintiff's Rule 60(b) motion to set aside an equitable distribution provision in a divorce judgment granting defendant 38% of plaintiff's military retirement income on the ground of "mistake" under subsection (1) or for "any other reason justifying relief" under subsection (6) where plaintiff's motion was filed later than the one-year limit placed on subsection (1); the court's award of a 38% interest in the retirement benefits to defendant was not conditioned on any finding that the benefits were vested marital property; any mistake as to defendant's rights to plaintiff's retirement benefits was conditioned on an oral agreement of the parties as represented by plaintiff in his complaint and in open court; and plaintiff's attorney drafted the judgment.

**Am Jur 2d, Divorce and Separation §§ 470, 909, 949.**

APPEAL by plaintiff from an order entered by *Judge Kenneth W. Turner* on 30 November 1990 in ONSLOW County District Court. Heard in the Court of Appeals 4 December 1991.

Plaintiff sued for divorce on 23 November 1988 seeking an adjudication as to custody, child support and equitable distribution. Judge Kenneth Turner heard the matter on 13 January 1989 at a term of Onslow County District Court for uncontested matters without a reporter. Judgment was entered granting the relief requested by the plaintiff in his complaint. On 7 August 1990 plaintiff filed a motion under Rule 60 to set aside a portion of the 13 January 1989 judgment. A hearing on this issue took place on 30 November 1990. Subsequent to the hearing this motion was denied. Plaintiff appeals from the order denying this motion.

*Lana Starnes Warlick for plaintiff-appellant.*

*Gaylor, Edwards, Vatcher & Bell, by Hiram C. Bell, Jr., for defendant-appellee.*

LEWIS, Judge.

Parties were married 2 July 1972 and lived together as husband and wife until 1 June 1987, at which time they separated. Three children were born to the marriage. The plaintiff filed for divorce on 23 November 1988 alleging that parties were in agreement on all issues including equitable distribution. The complaint alleges that "because the plaintiff is an active duty member of the Armed Forces of the United States of America and because the plaintiff had fifteen (15) years of active duty service during the coveture (sic) of the parties, the defendant is entitled to a portion of the plaintiff's military retirement income." This allegation was adopted word for word in the trial court's order.

The issue of whether plaintiff's interest in his retirement income was vested and therefore marital property, or not vested and therefore separate property, was never raised. The divorce action came before the court on 13 January 1989. Plaintiff was represented by counsel; defendant was not. The court inquired of both parties as to whether or not they understood and were in agreement with the terms set forth in the judgment, to which each party responded in the affirmative. The court also inquired of the plaintiff as to whether he specifically agreed to the division of 38 per cent of his retirement benefit to the defendant, to which he responded in the affirmative. As a result of the testimony presented to the court, the judge granted the relief requested by the plaintiff and entered the judgment.

Subsequent to a Rule 60 hearing, Judge Turner's order states that plaintiff's attorney drafted the judgment adopted on 13 January 1989, specifically alleging that "the parties had agreed" to all provisions. Judge Turner found as a finding of fact that plaintiff's motion was not filed within a reasonable time as he waited nineteen months after entry of the judgment before moving the court to set aside the judgment, and that the plaintiff failed to timely note his appeal and therefore waived his right to appeal for relief from the judgment. Motion to amend the judgment was therefore denied.

Appellant's brief contends that his Rule 60 motion falls under Rule 60(b), which reads as follows:

(b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

HOOLAPA v. HOOLAPA

[105 N.C. App. 230 (1992)]

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial. . . ;

(3) Fraud . . . , misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged . . . ; or

(6) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

N.C.G.S. § 1A-1, Rule 60(b) (1990). As plaintiff's motion was filed nineteen months after Judge Turner's original order, it was filed later than the one year limit placed on 60(b)(1), (2) and (3). With respect to Rule 60(b)(4), a judgment is "void" only where the court that renders it did not have "jurisdiction over the parties and the subject matter and [did not have] authority to render the judgment entered." *In re Brown*, 23 N.C. App. 109, 110, 208 S.E.2d 282, 283 (1974). Here, the trial court clearly had both personal and subject matter jurisdiction. *Id.* The order cannot then be "void" pursuant to Rule 60(b)(4).

Plaintiff argues that the trial court erred in presuming that plaintiff's retirement benefits were marital property. Even if such were the case, plaintiff's Rule 60 motion would fall under 60(b)(1) and thus be barred by the one year limit. However, the court's awarding of a 38 per cent interest of the retirement benefits to the defendant is not expressly conditioned on any finding that the rights are vested marital property. Rather, the trial court's award was conditioned on an oral agreement of the parties as represented by the plaintiff in his complaint and in open court. The record is clear that any mistake as to defendant's rights to plaintiff's retirement benefits was that of the plaintiff who personally consented to the division of these benefits in court and whose attorney drafted the judgment. There is certainly a strong inference that a man of plaintiff's responsible position in the United States Marine Corps with fifteen years service would know whether or

not his retirement benefits were vested. A motion to correct such a mistake also falls under Rule 60(b)(1), as either "[m]istake, inadvertence, surprise, or excusable neglect," and as such is barred by the one year time limit.

Furthermore, while plaintiff's motion may fall under the catch-all wording of 60(b)(6) ("[a]ny other reason justifying relief"), request for such relief "is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975). The trial judge erred neither in law nor in his findings of fact. We conclude that the trial judge acted entirely within the bounds of his discretion in denying the motion. The order of the court is therefore:

Affirmed.

Judges WELLS and WALKER concur.