OTTWAY BURTON, P.A., PLAINTIFF-APPELLEE v. STEPHEN L. BLANTON, DEFENDANT-APPELLANT

No. 9119DC817

(Filed 6 October 1992)

**Rules of Civil Procedure § 60.2 (NCI3d) — confession of judgment for legal services — judgment not void — Rule 60(b) motion properly dismissed**

In plaintiff's action to renew and enforce a confession of judgment he obtained from defendant for legal services performed, the trial court properly denied defendant's motion for relief from judgment filed pursuant to N.C.G.S. § 1A-1, Rule 60(b)(4), since void judgments may be attacked by Rule 60(b) motions; erroneous judgments may be corrected only by appeal; and the judgment in this case was not void in that the district court had jurisdiction to issue the confession of judgment and the authority to adjudicate the rights and liabilities of the parties involved, no jurisdictional question was ever raised, and the confession of judgment was not improper on its face.

**Am Jur 2d, Judgments § 671.**

APPEAL by defendant from judgment entered 18 April 1991 in RANDOLPH County District Court by *Judge Vance Bradford Long.* Heard in the Court of Appeals 15 September 1992.

Plaintiff instituted an action to renew and enforce a confession of judgment he obtained from defendant for legal services performed. Defendant sought to have that judgment set aside as void under the Retail Installment Sales Act, N.C. Gen. Stat. § 25A-18. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) of the North

Carolina Rules of Civil Procedure, defendant filed a motion for relief from judgment. The trial court denied defendant's motion. Defendant appealed.

*Ottway Burton, P.A., by Ottway Burton, pro se.*

*Central Carolina Legal Services, by James C. Lee, for defendant-appellant.*

WELLS, Judge.

In finding the confession of judgment to be valid, the trial court held that N.C. Gen. Stat. § 25A was inapplicable to confessions of judgment procured by members of the State Bar. Defendant contends that the trial court erred in this respect. He argues that N.C. Gen. Stat. § 25A-18 of the Retail Installment Sales Act renders confessions of judgment void for credit transactions of this nature and that his Rule 60(b)(4) motion should have been granted. Before reaching the substantive question of whether the Act prohibits professionals from obtaining confessions of judgment, we must first determine the propriety of the relief sought pursuant to Rule 60(b)(4). If we determine the defendant chose an improper procedure to challenge the confession of judgment, our inquiry ceases and it becomes unnecessary to resolve defendant's substantive question.

N.C. Gen. Stat. § 1A-1, Rule 60(b) of the Rules of Civil Procedure provides that upon proper motion, a "court may relieve a party or his legal representative from a final judgment, order, or proceeding." Specifically, defendant seeks relief under Rule 60(b)(4) which allows relief from a judgment that is void. A Rule 60(b)(4) motion is only proper where a judgment is "void" as that term is defined by the law. A judgment will not be deemed void merely for an error in law, fact, or procedure. A judgment is void only when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered. *In re Brown*, 23 N.C. App. 109, 208 S.E.2d 282 (1974); *see Hayes v. Evergo Telephone Co.*, 100 N.C. App. 474, 397 S.E.2d 325 (1990). A judgment, if proper on its face, is not void. *Drummond v. Cordell*, 73 N.C. App. 438, 326 S.E.2d 292 (1985), *aff'd*, 315 N.C. 385, 337 S.E.2d 850 (1986).

The correct procedure for attacking a judgment is dependent upon the type of defect asserted. If a judgment is void, it is a

BURTON v. BLANTON

[107 N.C. App. 615 (1992)]

nullity and may be attacked at any time. *Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 360 S.E.2d 772 (1987). Rule 60(b)(4) is an appropriate method of challenging such a judgment. An erroneous judgment, by contrast, is one entered according to proper court procedures and practices but is contrary to the law or involves a misapplication of the law. *Id.* As our appellate courts have consistently held, erroneous judgments may be corrected only by appeal and Rule 60(b) motions cannot be used as a substitute for appeal. *Town of Sylva v. Gibson*, 51 N.C. App. 545, 277 S.E.2d 115, *appeal dismissed and cert. denied*, 303 N.C. 319, 281 S.E.2d 659 (1981). *See also Chicopee, Inc. v. Sims Metal Works, Inc.*, 98 N.C. App. 423, 391 S.E.2d 211 (1990); *J.D. Dawson Co. v. Robertson Marketing, Inc.*, 93 N.C. App. 62, 376 S.E.2d 254 (1989).

Here, the district court had jurisdiction to issue the confession of judgment and it had the authority to adjudicate the rights and liabilities of the parties involved. No jurisdictional question was ever raised. Furthermore, the confession of judgment was not improper on its face. Judgments rendered by a court with proper jurisdiction and authority are presumed to be valid. Since the confession of judgment was not void, defendant may not rely upon Rule 60(b)(4) to challenge the judgment. Therefore, the trial court correctly denied defendant's motion for relief under Rule 60(b)(4). The confession of judgment, although not void, may have been erroneous (*i.e.*, contrary to law), but we need not address this substantive issue. In limiting our review, we need not question the trial court's analysis in reaching its conclusion. A judgment under appellate review will stand if the correct result was reached, even though it was based on faulty reasoning. *See Hinshaw v. Wright*, 105 N.C. App. 158, 412 S.E.2d 138 (1992).

Affirmed.

Judges ORR and GREENE concur.