GOVIND CHANDAK AND MADHU CHANDAK, PLAINTIFFS v. ELECTRONIC INTERCON-
NECT CORPORATION AND GLOBAL CIRCUITS OF NORTH CAROLINA, INC.,
DEFENDANTS

No. COA00-212

(Filed 19 June 2001)

**1. Pleadings— sanctions—frivolous claim—timeliness of Rule 11 motion—three months not unreasonable—Rule 60 motion improper method to seek review**

The trial court did not abuse its discretion by denying plaintiffs' N.C.G.S. § 1A-1, Rule 60 motion contesting the issuance of sanctions under N.C.G.S. § 1A-1, Rule 11 and N.C.G.S. § 6-21.5 against plaintiffs for filing a frivolous action even though defendants waited three months after the hearing to file its claim for sanctions, because: (1) the three months delay after the hearing was not unreasonable; and (2) a Rule 60 motion is an inappropriate method to seek review of questions of law, fact, or procedure, and the proper method is to appeal from the original order.

**2. Pleadings— sanctions—frivolous claim—jurisdiction of district court to hear post-judgment Rule 11 motion**

The district court had jurisdiction to consider defendants' motion for sanctions under N.C.G.S. § 1A-1, Rule 11 and N.C.G.S. § 6-21.5 against plaintiffs for filing a frivolous action for a hazardous waste claim after a magistrate dismissed the underlying action for summary ejectment and the judgment is not void under N.C.G.S. § 1A-1, Rule 60(b)(4), because: (1) the district court has original jurisdiction of the action in order for it to be assigned to a magistrate for trial, N.C.G.S. § 7A-211; (2) any judgment rendered by the magistrate is a judgment of the district court and is appealable to the district court for a de novo trial, N.C.G.S. §§ 7A-224 and 7A-228; and (3) the district court regains authority to act in the case once a magistrate enters judgment.

**3. Pleadings— sanctions—frivolous claim—Rule 60 motion**

The trial court did not abuse its discretion by denying plaintiffs' motion under N.C.G.S. § 1A-1, Rules 60(b)(1), (2), (3), and (6) contesting the issuance of sanctions under N.C.G.S. § 1A-1, Rule 11 and N.C.G.S. § 6-21.5 against plaintiffs for filing a frivolous action, because: (1) there was no showing of any mistake, inadvertence, surprise or excusable neglect; (2) there was no showing of newly discovered evidence; (3) plaintiffs' allegations

**CHANDAK v. ELECTRONIC INTERCONNECT CORP.**

[144 N.C. App. 258 (2001)]

of improper conduct revolve around their attorney instead of fraud, misrepresentation, or other misconduct of an adverse party; and (4) plaintiffs, rather than their counsel, were the source of the facts surrounding the complaint and directed that the action continue despite the possibility of sanctions.

Appeal by plaintiffs from order entered 30 November 1999 by Judge James R. Fullwood in Wake County District Court. Heard in the Court of Appeals 5 March 2001.

*Armstrong & Armstrong, P.A., by L. Lamar Armstrong, Jr., for plaintiff-appellants.*

*Ellis & Winters, LLP, by Paul K. Sun, Jr., for defendant-appellees.*

EAGLES, Chief Judge.

This case presents questions of a district court judge's authority to issue sanctions after a magistrate has dismissed the underlying action.

This appeal began as a claim by plaintiffs Govind and Madhu Chandak against the defendants Electronic Interconnect Corporation and Global Circuits of North Carolina, Inc. for summary ejectment. Plaintiff-lessors, filed the action against the defendants claiming that the defendant-lessees had failed to pay back rent and breached their lease by failing to clean up a chemical spill. One week after filing the complaint, Mr. Chandak sent his counsel Thurston Debnam a note stating that he had received an envelope appearing to contain a rent check. Chandak's note also stated "[l]egally—I would want them to vacate the place. I am willing to let them stay with some modification in the Lease Agreement. The other objective is of course to prohibit them from making any other claims against me."

Defendants responded to the summary ejectment claim by tendering the full amount of rent plus court costs. Defendants took this action despite their belief that they had paid the current rent. Accompanying the check, defendants' counsel sent a letter that warned that plaintiffs had no basis for their claim and threatened to pursue sanctions. Although Debnam testified he told Chandak that tender foreclosed summary ejectment, Chandak still wanted to proceed with the claim. In his deposition for the abuse of process action, Debnam admitted that he never told Chandak that he had a frivolous

claim and testified that he believed that he could proceed under the hazardous waste claim. While Debnam testified he was concerned about sanctions, Chandak showed no worry. Debnam testified that Chandak told him, "[o]h, so the worst thing that could happen to me is I'd have to pay five, six hundred dollars in attorneys fees."

Just prior to the hearing on 16 March 1998, Debnam sent a letter to the defendants stating that despite the tender of rent, plaintiffs would continue the case to seek a "comprehensive resolution" between the parties. In the 16 March 1998 letter, Debnam included a list of proposed changes for the lease. After reviewing the letter, Chandak wrote Debnam that, "I hope we have clarified that we will not accept the $10039.00 rent money and rather have the ejection unless we can work out rent modifications." Despite a second warning from the defendants of the possibility of sanctions, plaintiffs continued with their case. After a hearing, a magistrate dismissed the action and taxed costs to the plaintiffs on 30 March 1998. Neither party appealed from this judgment.

On 30 June 1998, defendants filed a motion for sanctions against the plaintiffs and plaintiffs' counsel Thurston Debnam under Rule 11 of the North Carolina Rules of Civil Procedure and G.S. § 6-21.5 (1999). This motion was heard by a district court judge. On 12 August 1998, the district court ordered the plaintiffs but not plaintiffs' counsel to pay the defendants $2465.00 in attorneys' fees. In its order, the district court concluded that the parties' lease contained no provision that would allow forfeiture; that plaintiffs' counsel at the time advised the plaintiffs of the propriety of continuing; that the plaintiffs' complaint was not well grounded in fact or warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that the plaintiffs brought this claim and continued this claim for an improper purpose. Debnam sent a copy of the order to Mr. Chandak and asked that Chandak call if he had any questions. The two met about two weeks later. During this meeting, Chandak requested that Debnam pay all or part of the sanctions. According to Debnam's testimony, Chandak was only interested in "having someone to pay the money for him." The plaintiffs failed to appeal from this order.

On 14 January 1999, defendants filed a civil action against plaintiffs seeking damages pursuant to several claims including abuse of process. In discovery for the abuse of process action, defendants deposed Mr. Debnam. On 11 June 1999, after deposing Debnam, plaintiffs filed a motion to set aside or amend the sanctions order pur-

suant to Rule 60(b) of the Rules of Civil Procedure. The district court denied this motion. In its order, the court made the following relevant conclusions of law:

1. This Court had jurisdiction over the parties and the subject matter in connection with the defendants' motion for sanctions. The Court had authority to enter the sanctions order. Plaintiffs were not prejudiced by the District Court's adjudication of the sanctions motion

. . . .

3. Plaintiffs' contention that defendants' motion for sanctions was untimely is an assertion of legal error and may not be considered as a ground for relief from judgment under Rule 60.

. . . .

5. Under North Carolina law, a lessor may summarily eject the lessee for breach of a lease condition only if the lease specifically provides that some act or omission will terminate the lease or entitle the lessor to reentry.

. . . .

15. Plaintiffs have not shown mistake, inadvertence, surprise, or excusable neglect that would support relief from judgment under Rule 60(b)(1).

16. Plaintiffs did not exercise due diligence in raising the facts and in arguing the legal grounds they claim support this motion. Plaintiffs have not shown newly discovered evidence that would support relief from judgment under Rule 60(b)(2).

17. Plaintiffs have not shown fraud, misrepresentation, or other misconduct by defendants as would support relief from judgment under Rule 60(b)(3).

18. Plaintiffs have not shown that the sanctions order is void as necessary to support relief from judgment under Rule 60(b)(4).

19. Plaintiffs have not shown any other reason justifying relief from the operation of the sanctions order, as required for relief from the judgment under Rule 60(b)(6). Plaintiffs had a full opportunity to present their defense to defendants' sanctions motion. There are no extraordinary circumstances that would justify relief from judgment. The equities do not support relief from

judgment based on the actions of plaintiffs. The interests of justice do not support relief from the sanctions order.

20. In order to obtain relief from judgment under Rule 60(b)(1) or Rule 60(b)(6), plaintiffs must show a meritorious defense.

21. Plaintiffs have not shown a meritorious defense to the imposition of sanctions against them.

The trial court also concluded that the plaintiffs' summary ejectment action was taken for an improper purpose and was not well grounded in law or fact. Plaintiffs appeal from the trial court's denial of their Rule 60 motion.

At the outset, we note that our Courts have described Rule 60(b) as "a grand reservoir of equitable power to do justice in a particular case." *Branch Banking & Trust Co. v. Tucker*, 131 N.C. App. 132, 137, 505 S.E.2d 179, 182 (1998). The decision whether to grant relief under Rule 60(b) rests firmly within the trial court's discretion and absent an abuse of that discretion, we will not disturb its judgment. *Id.* Further, it is well established in our State's jurisprudence that erroneous judgments are correctable only on appeal. *Burton v. Blanton*, 107 N.C. App. 615, 617, 421 S.E.2d 381, 383 (1992) (citations omitted). A party may never substitute a Rule 60(b) motion for an appeal. *Id.*

In their first argument, plaintiffs contend that the trial court erred in denying their Rule 60(b) motion because the sanctions order was void as a matter of law. Under G.S. § 1A-1, Rule 60(b)(4), a trial court may relieve a party from a judgment that is void. In the context of Rule 60(b)(4) a judgment is void "only when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered." *Burton*, 107 N.C. App. at 616, 421 S.E.2d at 382; *see Hoolapa v. Hoolapa*, 105 N.C. App. 230, 232, 412 S.E.2d 112, 114 (1992). Here, the plaintiffs argue that the trial court lacked jurisdiction over the sanctions motion because (1) the defendants failed to file their Rule 11 motion in a timely fashion and (2) the defendants improperly filed their motion with the district court judge rather than with the magistrate who heard the case.

[1] As to the first contention, plaintiffs argue that the defendants impermissibly waited more than three months after the hearing to file their claim for sanctions. This Court has held that a party should make a Rule 11 motion within a reasonable time after he discovers an impropriety. *Griffin v. Sweet*, 136 N.C. App. 762, 765, 525 S.E.2d 504,

CHANDAK v. ELECTRONIC INTERCONNECT CORP.

[144 N.C. App. 258 (2001)]

506 (2000) (citation omitted). We are not persuaded that three months is an unreasonable delay, on this record. However, the questions raised by the plaintiffs on their Rule 60 motion are questions of law. As we have set out, a Rule 60 motion is an inappropriate method to seek review of questions of law, fact or procedure. *Burton,* 107 N.C. App. at 616, 421 S.E.2d at 382; *see Chicopee, Inc. v. Sims Metal Works,* 98 N.C. App. 423, 391 S.E.2d 211, *disc. review denied,* 327 N.C. 426, 395 S.E.2d 674 (1990). The correct vehicle to challenge those issues is by appeal from the original order. *Id.* Accordingly, we decline to consider the timeliness of defendants' Rule 11 motion.

[2] Plaintiffs also contend that the district court judge had no jurisdiction to consider the defendants' motion for sanctions. According to the plaintiffs, the magistrate's court was the only forum where the defendants could bring their motion. Defendants counter this argument by contending that the magistrate has no authority to impose sanctions. Without deciding whether a magistrate has authority to render sanctions under Rule 11, we hold that the district court had jurisdiction to do so in this case.

The issue presented on appeal is whether a district court judge has the authority to hear a post-judgment Rule 11 motion arising out of an action tried by a magistrate. Magistrates have jurisdiction of small claims actions only through the discretion of the judicial district's chief district court judge. G.S. § 7A-211 (1999) states:

> In the interest of speedy and convenient determination, the chief district judge may, in his discretion, by specific order or general rule, assign to any magistrate of his district any small claim action pending in his district if the defendant is a resident of the county in which the magistrate resides.

Therefore, the district court must have original jurisdiction of the action for it to be assigned to a magistrate for trial. If the chief district judge fails to make an assignment within five days of a request for assignment, the action begins in district court. G.S. § 7A-215 (1999). Once the magistrate receives an assignment, the magistrate conducts the small claims action pursuant to the rules set out in G.S. § 7A-214 (1999) *et seq.* Any judgment rendered by the magistrate is a judgment of the district court and is appealable to the district court for a trial *de novo.* G.S. § 7A-224 (1999); G.S. § 7A-228 (1999).

The statutes create a scheme in which the chief district court judge assigns the case to the magistrate. The magistrate tries the case

and his or her judgment becomes a judgment of the district court. Defendants argue that at that point the district court regains jurisdiction of the action. The only evidence of the General Assembly's intent as to post-judgment motions in small claims actions before a magistrate is found in G.S. § 7A-228 (1999). The relevant text deals with Rule 60 motions. G.S. § 7A-228 states that:

> (a) The chief district court judge may authorize magistrates to hear motions to set aside an order or judgment pursuant to G.S. 1A-1, Rule 60(b)(1) and order a new trial before a magistrate. The exercise of the authority of the chief district court judge in allowing magistrates to hear Rule 60(b)(1) motions shall not be construed to limit the authority of the district court to hear motions pursuant to Rule 60(b)(1) through (6) of the Rules of Civil Procedure for relief from a judgment or order entered by a magistrate and, if granted, to order a new trial before a magistrate.

This section sets out that after judgment, the chief district court judge may authorize a magistrate to hear a Rule 60 motion. However, this authorization does not strip the district court of the authority to hear Rule 60 motions.

In the absence of any explicit language directly relevant to post-judgment Rule 11 motions after the time for appeal has expired, we apply the same logic found in G.S. § 7A-228 to the facts here. Once a magistrate enters judgment, that judgment becomes a judgment of the district court. G.S. § 7A-224. At that point, the district court judge has regained authority to act in the case. Accordingly, the parties may file a post-judgment Rule 11 motion in the district court in the same fashion that they file a Rule 60 motion. Accordingly, we hold that the district court had jurisdiction over the sanctions motion and that the judgment is not void under Rule 60(b)(4). We note that because it is not before us, we do not decide whether the district court judge may refer to the magistrate a motion for Rule 11 sanctions or whether a district court judge may consider a Rule 11 motion prior to the entry of judgment. We expressly limit our holding to the facts here.

[3] Next, plaintiffs assign error to the trial court's denial of their motion pursuant to G.S. § 1A-1, Rules 60(b)(1),(2),(3) and (6). We hold that the trial court did not abuse its discretion in denying the motion. Rule 60(b)(1) provides relief from a final judgment for "[m]istake, inadvertence, surprise or excusable neglect." The record shows that Chandak appeared at the sanctions hearing with his counsel. Chandak had the opportunity to speak personally to the

judge and through his counsel. In their brief, the plaintiffs fail to identify how their claim falls under Rule 60(b)(1). After a careful review of the record, we conclude that the trial court did not abuse its discretion.

Rule 60(b)(2) provides for relief from judgment based on "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Here, the only potential source of new evidence raised by the plaintiffs is found in Debnam's deposition. However, a review of that testimony reveals that it does not present any new evidence. The deposition recounts conversations between Chandak and Debnam. Further, the rest of the testimony concerns the sanctions hearing at which Chandak was present. Plaintiffs have shown no new evidence that would require relief under Rule 60(b)(2). *See Lang v. Lang,* 108 N.C. App. 440, 448-49, 424 S.E.2d 190, 194, *disc. review denied,* 333 N.C. 575, 429 S.E.2d 570 (1993).

Rule 60(b)(3) states that relief is available due to "[f]raud . . . misrepresentation, or other misconduct of an adverse party." Here, the allegations of improper conduct revolve around Debnam, not the defendants. Accordingly, plaintiffs fail to meet this rule.

Rule 60(b)(6) states that relief is available for "[a]ny other reason justifying relief from the operation of the judgment."

The setting aside of a judgment pursuant to G.S. 1A-1, Rule 60(b)(6) should only take place where (i) extraordinary circumstances exist and (ii) there is a showing that justice demands it. This test is two-pronged, and relief should be forthcoming only where both requisites exist. *Baylor v. Brown,* 46 N.C. App. 664, 266 S.E.2d 9 (1980). In addition to these requirements, the movant must also show that he has a meritorious defense. *Sides v. Reid,* 35 N.C. App. 235, 241 S.E.2d 110 (1978).

General Statute 1A-1, Rule 60(b)(6) "is equitable in nature and authorizes the trial judge to exercise his discretion in granting or withholding the relief sought." *Kennedy v. Starr,* 62 N.C. App. 182, 186, 302 S.E.2d 497, 499-500, *disc. rev. denied,* 309 N.C. 321, 307 S.E.2d 164 (1983). Our Supreme Court has indicated that this Court cannot substitute "what it consider[s] to be its own better judgment" for a discretionary ruling of a trial court, and that this Court should not disturb a discretionary ruling unless it "probably amounted to a substantial miscarriage of justice."

*Worthington v. Bynum*, 305 N.C. 478, 486-87, 290 S.E.2d 599, 604-05 (1982). Further, "[a] judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980).

*State ex rel. Envir. Mgmt. Comm. v. House of Raeford Farms*, 101 N.C. App. 433, 448, 400 S.E.2d 107, 117, *disc. review denied*, 328 N.C. 576, 403 S.E.2d 521 (1991) (citation omitted). Apparently, plaintiffs' argument is that the trial court should have set aside the order due to Debnam's alleged failure to advise the plaintiffs that they should dismiss the summary ejectment action. We disagree.

While Debnam's conduct as counsel may provide the basis for litigation by his client Chandak, we do not believe counsel's alleged failure to advise is dispositive here. The record shows that the plaintiffs were well aware of the risks they were taking. Plaintiffs knew of the possibility of sanctions. Debnam relayed the threats from defendants' counsel as well as his own worries. Chandak showed no concern and even remarked that at most he would have to pay "five or six hundred dollars." Chandak was the source of the facts surrounding the complaint and directed that the action continue despite the possibility of sanctions. Further, throughout the life of the summary ejectment claim, Chandak let his true purpose be known. He constantly sought modifications in the lease. In a 17 March 1998 letter, Chandak made clear that he had no intention of dismissing the ejectment action until he obtained lease modifications. Finally, Chandak attended and participated in the sanctions hearing. Given the evidence of Chandak's involvement and his improper purpose, we conclude that the trial court did not abuse its discretion in denying the plaintiffs' motion.

Finally, the remainder of plaintiffs' arguments challenge the facts surrounding the appropriateness of the entry of sanctions. The appropriate place to make these arguments was on appeal of the sanctions order and not on a Rule 60(b) motion.

Based on the foregoing the decision of the trial court is

Affirmed.

Judges HUNTER and CAMPBELL concur.