IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-292

No. COA21-568

Filed 3 May 2022

Mecklenburg County, No. 14CVD8252

HILARY ROARK, Plaintiff,

v.

JAMES YANDLE, Defendant,

v.

RAYMOND AND VIANNA COTTRELL, Intervenors.

Appeal by defendant from order entered 5 April 2021 by Judge Christy T. Mann in Mecklenburg County District Court. Heard in the Court of Appeals 8 March 2022.

*Arnold & Smith, PLLC, by Paul A. Tharp, for defendant-appellant.*

*Dozier Miller Law Group, by David M. McCleary, for intervenors-appellees.*

GORE, Judge.

¶ 1     Defendant argues the trial court abused its discretion by denying his motion for relief pursuant to N.C. R. Civ. P. 60(b) concerning the enforceability of an award for attorney's fees. Defendant also seeks direct review of the underlying Order for Attorney's Fees entered 9 December 2019. We vacate and remand.

## I.     Factual and Procedural Background

On 2 August 2019, the intervenors Raymond and Vianna Cottrell appeared in defendant's existing custody action moving for emergency and permanent custody of defendant's minor child, CR. On 4 August 2019, defendant sustained serious injuries in a car accident in Union County, North Carolina, with medical bills for treatment related to the same exceeding $300,000.00. The day after the crash, on 5 August 2019, the trial court awarded temporary custody of CR to intervenors. After another hearing on 22 August 2019, the trial court issued an order continuing temporary custody of CR with intervenors. Following a status hearing held on 8 October 2019, the trial court entered an order on 4 November 2019 continuing temporary custody with intervenors and restricting visitation by defendant.

After a motion hearing on 18 November 2019, intervenors moved for an award of attorney's fees on 20 November 2019. On 6 December 2019, defendant filed a motion for a new trial. On 9 December 2019, the trial court entered an order awarding attorney's fees to intervenors and directing that such fees be taken from the proceeds of defendant's personal injury settlement if not paid by 31 January 2020.

On 8 January 2020, intervenors moved to have defendant's motion for a new trial dismissed and for sanctions against defendant. On 15 January 2020, the trial court ordered defendant to appear and show cause as to why he should not be held in contempt for failure to comply with a previous order of the court. On 27 January 2020, the trial court dismissed defendant's motion for a new trial. On 1 December

2020, defendant filed a motion pursuant to Rule 60 of the North Carolina Rules of Civil Procedure, seeking an order relieving him of the obligation to pay intervenors' attorney's fees from the proceeds of his pending personal injury settlement. Defendant's motion came on for hearing on 22 March 2021. On 5 April 2021, the trial court entered an order denying defendant's Rule 60(b) motion.

On 28 April 2021, defendant timely filed notice of appeal from the trial court's denial of his Rule 60(b) motion concerning the enforceability of the 9 December 2019 award for attorney's fees.

## II.    Order for Attorney's Fees

We first examine whether this Court has jurisdiction to review defendant's appeal from the 9 December 2019 Order for Attorney's Fees.

### A. Grounds for Appellate Review

A party is entitled to an appeal of right following the entry of a "final judgment of a district court in a civil action." N.C. Gen. Stat. § 7A-27(b)(2). A party is also entitled to an appeal of right following the entry of "any interlocutory order or judgment of a . . . district court in a civil action or proceeding that . . . [a]ffects a substantial right." § 7A-27(b)(3). Here, defendant cities to both §§ 7A-27(b)(2) and (b)(3) and argues the order can be construed as either interlocutory or final.

Ordinarily, an order for an award of attorney's fees is interlocutory and not immediately appealable. *Benfield v. Benfield*, 89 N.C. App. 415, 419, 366 S.E.2d 500,

503 (1988). However, in a case such as this, where the trial court set attorney's fees in a fixed amount, and there are no outstanding substantive claims left for judicial determination, the order is final independent of any subsequent judgment. *In re Cranor*, 247 N.C. App. 565, 569, 786 S.E.2d 379, 382 (2016).

¶ 9        Additionally, defendant filed a Rule 60(b) Motion on 1 December 2020 requesting relief from the Order for Attorney Fees on grounds that the trial court: (1) lacked jurisdiction to create lien rights in his personal injury proceeds; and (2) made statutorily insufficient findings necessary to support the award. Rule 60(b) provides, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final* judgment, order, or proceeding . . . ." § 1A-1, Rule 60(b) (2020) (emphasis added). Thus, by filing a Rule 60(b) Motion, defendant judicially admitted that the order was final. *Sea Ranch II Owners Ass'n v. Sea Ranch II, Inc.*, 180 N.C. App. 226, 229, 636 S.E.2d 332, 334 (2006).

¶ 10        Considering the 9 December 2019 Order for Attorney's Fees is a final judgment of the district court; we note that defendant failed to timely file notice of appeal from that Order. A notice of appeal in a civil action must be filed "within thirty days after entry of judgment . . . ." N.C.R. App. P. 3(c)(1). If the appellant fails to file notice of appeal within the time allowed, this Court lacks jurisdiction to hear the appeal. *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008). Furthermore, the party taking appeal must "designate the judgment

or order from which appeal is taken . . . ." N.C.R. App. P. 3(d).

¶ 11    Here, the trial court entered the Order for Attorney's Fees on 9 December 2019. Nearly one year later, defendant filed a Rule 60(b) Motion on 1 December 2020. The trial court concluded that defendant's Rule 60(b) Motion was timely filed but denied it by written Order entered 7 April 2021. On 28 April 2021, defendant timely filed notice of appeal from the trial court's denial of his Rule 60(b) Motion.

¶ 12    Defendant failed to designate the 9 December 2019 Order for Attorney's Fees in his notice of appeal and now seeks direct review of a final order more than one year and four months after it was entered. Defendant's appeal of the underlying 9 December 2019 Order for Attorney's Fees is untimely, and this Court lacks jurisdiction to consider it. Therefore, we dismiss the portion of defendant's appeal that seeks direct review of the underlying Order.

**B. Petition for Writ of Certiorari**

¶ 13    Defendant acknowledges his statutory right to appeal was potentially waived for failure to enter notice of appeal in compliance with N.C.R. App. P. 3. He also petitions this Court pursuant to N.C.R. App. P. 21 to issue our writ of certiorari and permit appellate review of the 9 December 2019 Order. Under Rule 21, the writ may issue "in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action . . . ." N.C.R. App. P. 21(a)(1). A petition for writ of certiorari "has

specific content requirements designed to ensure that the requesting party provides the Court with the facts and argument necessary to assess, in the Court's discretion, whether issuing the writ is appropriate." *Doe v. City of Charlotte*, 273 N.C. App. 10, 23, 848 S.E.2d 1, 11 (2020); *see also* N.C.R. App. P. 21(c) (specifying content requirements).

¶ 14     In his petition, defendant offers one argument that this case presents appropriate circumstances to permit review;  he did not voluntarily or intentionally waive his right to appeal.  To substantiate his contention, defendant cites to three cases for the general premise that waiver of appeal is only effective as a voluntary, intelligent, and intentional "relinquishment of a known right." *Luther v. Luther*, 234 N.C. 429, 433, 67 S.E.2d 345, 348 (1951).  Those cases are *Luther*, 234 N.C. at 433, 67 S.E.2d at 348 (holding that a party in a contempt proceeding did not waive her right to appeal by paying the "fine under protest at the precise moment she noted her appeal from the order imposing it."); *Johnson v. Zerbst*, 304 U.S. 458, 458, 82 L. Ed. 1461, 1463 (1938) (addressing whether the defendant in a criminal case knowingly and intentionally waived his constitutional right to counsel); and *United States v. Wessells*, 936 F.2d 165, 168 (4th Cir. 1991) (concluding that a criminal defendant did not voluntarily and intelligently waive his right to appeal by accepting a plea agreement where there was no indication that he "knowingly agree[d] to an absolute waiver of all rights to appeal his sentencing.").

¶ 15        Defendant does not analogize, distinguish, or otherwise apply the reasoning from those decisions to the facts before us. Defendant implies that that his failure to timely file notice of appeal from the 9 December 2019 Order for Attorney's Fees was unintentional because: (1) he did not know that he could appeal from that order; and (2) he never knowingly and voluntarily relinquished a right to appeal that order as demonstrated by his initial challenge by Rule 60(b) Motion.

¶ 16        It is not obvious from the context of defendant's argument how "waiver of appeal" is at issue in this case. As previously discussed, relief under Rule 60(b) is from final orders. The act of filing a motion for relief under Rule 60(b) at the trial level implicitly acknowledges the finality of the underlying Order. This Court has routinely held that "[a] motion pursuant to Rule 60 cannot be used as a substitute for an appeal of the underlying order to correct errors of law." *Morehead v. Wall*, 224 N.C. App. 588, 592, 736 S.E.2d 798, 801 (2012) (citation omitted).

¶ 17        The fact remains, defendant did not appeal from a final order within thirty days after it was entered, and he did not designate the Order for Attorney's Fees in his notice of appeal. Motions pursuant to Rule 60(b) neither operate as a substitute for an appeal to this Court, nor do they toll the time for filing a notice of appeal. *Wallis v. Cambron*, 194 N.C. App. 190, 193, 670 S.E.2d 239, 241 (2008); *see* N.C.R. App. 3(c). We discern no exceptional circumstance in this case warranting direct appellate review of the 9 December 2019 Order. Defendant does not identify any

meritorious reason why the writ should issue beyond a circuitous assertion that he unintentionally failed to take timely action. Accordingly, defendant's petition for writ of certiorari is denied.

### III.   Denial of Rule 60(b) Motion

¶ 18        Unlike defendant's appeal from the underlying Order for Attorney's Fees, his appeal from the trial court's denial of his motion for relief pursuant to Rule 60(b)(4) & (b)(6) is timely.

¶ 19        Pursuant to N.C. R. Civ. P. 60(b),

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (4) The judgment is void;
>
> . . .
>
> (6) Any other reason justifying relief from the operation of the judgment.

N.C. R. Civ. P. 60(b)(4), (b)(6).

¶ 20        We review a trial court's denial of a motion for relief under Rule 60(b) for abuse of discretion. *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975). "The test for abuse of discretion is whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Little v. Penn Ventilator Co.*, 317 N.C. 206, 218, 345 S.E.2d 204, 212 (1986) (cleaned up). "[I]f

the trial court makes a discretionary ruling based upon a misapprehension of the applicable law, this is also an abuse of discretion." *Myers v. Myers*, 269 N.C. App. 237, 240, 837 S.E.2d 443, 448 (2020) (citation omitted).

¶ 21        Under Rule 60(b)(4), "[a] judgment will not be deemed void merely for an error in law, fact, or procedure. A judgment is void only when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered." *Burton v. Blanton*, 107 N.C. App. 615, 616, 421 S.E.2d 381, 382 (1992) (citation omitted).  "An erroneous judgment, by contrast, is one entered according to proper court procedures and practices but is contrary to the law or involves a misapplication of the law."  *Id.* at 617, 421 S.E.2d at 383 (citation omitted).

¶ 22        Under Rule 60(b)(6), a movant is only entitled to relief where it can be shown that: "(1) extraordinary circumstances exist, (2) justice demands the setting aside of the judgment, and (3) the defendant has a meritorious defense."  *Gibby v. Lindsey*, 149 N.C. App. 470, 474, 560 S.E.2d 589, 592 (2002) (citation omitted).

**A.  Errors of Law**

¶ 23        We do not address defendant's arguments that the trial court made insufficient findings of fact to justify its award, or that the specific relief provided is contravened by § 1C-1601(a)(8).  It is well established that "Rule 60 is an improper mechanism for obtaining review of alleged legal error."  *Catawba Valley Bank v. Porter*, 188 N.C.

App. 326, 330, 655 S.E.2d 473, 475 (2008). "The appropriate remedy for errors of law committed by the trial court is either appeal or a timely motion for relief under N.C.G.S. Sec. 1A-1, Rule 59(a)(8). Motions pursuant to Rule 60(b) may not be used as a substitute for appeal." *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (cleaned up). "Rule 60(b) provides no specific relief for 'errors of law' and our courts have long held that even the broad general language of Rule 60(b)(6) does not include relief for 'errors of law.'" *Hagwood v. Odom*, 88 N.C. App. 513, 519, 364 S.E.2d 190, 193 (1988) (citation omitted).

¶ 24 Defendant failed to either perfect an appeal from the 9 December 2019 Order or seek relief at the trial level pursuant to N.C. R. Civ. P. 59. He now seeks a "'second bite at the apple'" through an improper mechanism. *Baxley v. Jackson*, 179 N.C. App. 635, 639, 634 S.E.2d 905, 907 (2006). This he is not permitted to do.

## B. Rule 60(b)(4)

¶ 25 "With respect to Rule 60(b)(4), a judgment is 'void' only where the court that renders it did not have jurisdiction over the parties and the subject matter and did not have authority to render the judgment entered." *Hoolapa v. Hoolapa*, 105 N.C. App. 230, 232, 412 S.E.2d 112, 114 (1992) (*purgandum*).

### 1. *Personal Jurisdiction*

¶ 26 Defendant contends the trial court lacked *in rem* or *quasi in rem* jurisdiction over his personal injury settlement proceeds. Defendant fails to cite any legal

authority to substantiate this conclusory assertion. "It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein." *Goodson v. P.H. Glatfelter Co.*, 171 N.C. App. 596, 606, 615 S.E.2d 350, 358 (2005). This argument is deemed abandoned. *See* N.C.R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

### 2. *Authority to Render the Judgment Entered*

¶ 27 Defendant argues the trial court abused its discretion by denying his Motion pursuant to Rule 60(b)(4) because it lacked authority to create a judgment lien on his personal injury proceeds. We agree.

¶ 28 Section 50-13.6 provides, "In an action or proceeding for the custody . . . of a minor child, . . . the [trial] court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit." § 50-13.6 (2019).

¶ 29 The trial court theorized it had the authority to order defendant to pay intervenor's attorney's fees from the proceeds of his personal injury settlement because the 9 December 2019 Order for Attorney's Fees was an Order, not a Judgment. Defendant concedes that § 50-13.6 authorizes the trial court to enter an order for an award of reasonable attorney's fees. However, he contends the trial court's 9 December 2019 Order was an order in name only.

> There is a clear difference between including attorney fees in the costs taxed against a party to a lawsuit and in ordering the payment of attorney fees. When costs are taxed, they establish a liability for payment thereof, and if a fund exists which is the subject matter of the litigation, costs may be ordered paid out of the fund prior to distribution of the balance thereof to the persons entitled. *Rider v. Lenoir County*, 238 N.C. 632, 78 S.E.2d 745 (1953). If no such fund exists, the satisfaction of the judgment for costs may be obtained by methods as for the enforcement of any other civil judgment. N.C.G.S. § 6-4.
>
> In the case of attorney fees authorized by N.C.G.S. § 50-13.6, the court is given power to 'order payment of reasonable attorney's fees to an interested party," which makes the award of attorney's fees an order of the court, enforceable by contempt for disobedience, rather than a civil judgment.

*Smith v. Price*, 315 N.C. 523, 538, 340 S.E.2d 408, 417 (1986).

¶ 30    In this case, the Order for Attorney's Fees is enforceable by the trial court's contempt powers, and it does not tax the costs of the action against defendant. Critically, however, it provides an additional remedy; it creates a lien on defendant's personal injury proceeds if payment is not received by 31 January 2020. Under § 50-13.6, the trial court may enter an order for reasonable attorney's fees. It is not authorized to enter a civil judgment taxing the costs of attorney's fees to a fund that is unrelated to the subject matter of the litigation. *See id.* Thus, pursuant to Rule 60(b)(4), the trial court did not have authority to render the judgment entered, and a misapprehension of law is tantamount to abuse of discretion. *See Myers*, 269 N.C.

App. at 240, 837 S.E.2d at 448.

## IV.    Conclusion

For the foregoing reasons, we vacate and remand for further consideration by the trial court not inconsistent with this opinion.


VACATED AND REMANDED.

Judges CARPENTER and GRIFFIN concur.