IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-652

No. COA21-682

Filed 4 October 2022

Yadkin County, No. 2016 SP 88

IN THE MATTER OF THE FORECLOSURE OF THE DEEDS OF TRUST OF
MICKEY W. SIMMONS
     and
WAYNE SIMMONS and his wife SALLY SIMMONS, Grantors,

TO J. GREGORY MATTHEWS

Original Deeds of Trust
In Book 1123, Page 573, recorded
On May 2, 2014 AND
In Book 1158, Page 67, recorded
June 12, 2015.


Appeal by Plaintiffs from order entered 3 May 2021 by Judge Michael D. Duncan in Yadkin County Superior Court. Heard in the Court of Appeals 8 August 2022.

*Mickey W. Simmons, pro se.*

*Wayne Simmons and Sally Simmons, pro se.*

*No brief filed for Defendants-Appellees.*


GRIFFIN, Judge.

Plaintiffs Mickey, Wayne, and Sally Simmons appeal from an order denying their motion to set aside a foreclosure action under N.C. R. Civ. P. 60(b). Plaintiffs

argue that the trial court erred by denying their motion because (1) the trustee failed to include a notice of trustee neutrality in the notice of the foreclosure hearing; (2) the trustee acted as the foreclosure attorney for the noteholder; and (3) the trustee was the loan closing attorney for the foreclosure loan. We agree that the trial court erred by denying the motion because the trustee failed to include proper notice of neutrality and acted as the foreclosure attorney for the noteholder. For these reasons, we reverse the trial court's order.

## I.    Factual and Procedural History

In May 2014, Plaintiffs refinanced a mortgage for property located at 1708 Rudy Road in Yadkinville, North Carolina. J. Gregory Matthews was the closing attorney for the 2014 refinance transaction.

Two years later, on 12 April 2016, Mr. Matthews sent a letter to Mickey Simmons to inform him that the property noteholders, Betty and Donald Groce, contacted Mr. Matthews because Mickey had "made no payments on the amounts owed to them." Mr. Matthews requested in the letter that Mickey "contact [Mr. Matthew's] office to make arrangements to execute a deed to transfer the property back to Mr. and Mrs. Groce, in lieu of foreclosure." Mr. Matthews referred to Mr. and Mrs. Groce as his "clients" in the letter. Mr. Matthews sent the letter with his legal letterhead at the top, which reads, "J. Gregory Matthews, Attorney at Law" and signed the letter, "J. Gregory Matthews, Attorney at Law."

On 22 April 2016, Mr. Matthews sent Plaintiffs another letter to inform them that he had been "retained by Donald Groce and wife, Betty Groce, to initiate a foreclosure proceeding" on the property. This letter also included Mr. Matthew's legal letterhead at the top and the signature, "J. Gregory Matthews, Attorney at Law."

Approximately three months after sending the letters, Mr. Matthews filed a notice of foreclosure hearing, signed, "J. Gregory Matthews, Trustee." There are three separate deeds of trust for the property in the record; Mr. Matthews is listed as the trustee on each deed. A foreclosure hearing proceeded on 6 October 2016. The Clerk of Yadkin County Superior Court ruled from the bench to allow the foreclosure sale to proceed, and, on 7 October 2016, the clerk entered a written order allowing the foreclosure sale.

On 15 October 2019, Mr. Matthews filed a certificate of service indicating that, acting as trustee, he served the notice of trustee's sale of real estate to Plaintiffs. Mr. Matthews did not include any notice of trustee neutrality in the notice of foreclosure hearing, as required by N.C. Gen. Stat. § 45-12.16(c)(7)(b) (2021). Finally, Mr. Matthews sold the property to his clients, the Groces, on 26 November 2019, and filed a trustee's deed for the property signed, "J. Gregory Matthews, Trustee" in December 2019, approximately two weeks after the foreclosure sale.

On 25 November 2020, Plaintiffs filed a motion in Yadkin County Superior Court to set aside the foreclosure procedure under N.C. R. Civ. P. 60(b). The motion

was denied by the clerk in January 2021.

¶ 8     Plaintiffs appealed the clerk's decision, and the superior court conducted a *de novo* review. The superior court denied Plaintiffs' motion on 3 May 2021. Plaintiffs timely appeal.

## II.     Analysis

¶ 9     Plaintiffs argue that the superior court erred by denying their motion and not setting aside the foreclosure because (1) the trustee failed to include a notice of trustee neutrality in the notice of the foreclosure hearing; (2) the trustee acted as the foreclosure attorney for the noteholder; and (3) the trustee was the loan closing attorney for the foreclosure loan. We hold that the trial court erred in denying Plaintiffs' Rule 60(b) motion because the trustee failed to include proper notice of neutrality and acted as the foreclosure attorney for the noteholder.

¶ 10     "[A] motion for relief under [N.C.] Gen. Stat. § 1A-1, N.C. R. Civ. P. 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 194, 217 S.E.2d 532, 539 (1975). "A judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *Clark v. Clark,* 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980).

¶ 11     Under Rule 60(b), a trial court may "relieve a party or his legal representative from a final judgment, order, or proceeding" for various reasons, including that "[t]he

judgment is void." N.C. Gen. Stat. § 1A-1, Rules 60(b)(4) (2021). "A judgment is void . . . when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered." *Burton v. Blanton*, 107 N.C. App. 615, 616, 421 S.E.2d 381, 382 (1992). "Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." *In re T.R.P.*, 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) (citations omitted).

¶ 12   With respect to foreclosure under a deed of trust containing power of sale, N.C. Gen. Stat. § 45-21.16(c) provides that notice of foreclosure hearings must include, *inter alia*, "[a] statement that the trustee, or substitute trustee, is a neutral party and, while holding that position in the foreclosure proceeding, may not advocate for the secured creditor or for the debtor in the foreclosure proceeding." N.C. Gen. Stat. § 45-21.16(c)(7)(b) (2021). Moreover, N.C. Gen. Stat. § 45-10(a) specifically prohibits an attorney serving as the trustee from representing the noteholders while initiating a foreclosure proceeding: "An attorney who serves as the trustee or substitute trustee shall not represent either the noteholders or the interests of the borrower while initiating a foreclosure proceeding." N.C. Gen. Stat. § 45-10(a) (2021).

¶ 13   In this case, Mr. Matthews did not provide any notice of neutrality in the notice of foreclosure hearing issued to Plaintiffs, as required by N.C. Gen. Stat. § 45-

21.16(c)(7)(b). Mr. Matthews also represented the noteholders while initiating the foreclosure proceeding in direct violation of N.C. Gen. Stat. § 45-10(a). Mr. Matthews sent Plaintiffs multiple demand letters with his attorney letterhead at the top and "Attorney at Law" under his signature. In the first letter, Mr. Matthews referred to the noteholders as "his clients." In the second letter, Mr. Matthews informed Plaintiffs "he had been retained" by the noteholders to initiate the foreclosure proceeding. Mr. Matthews filed the notice of the foreclosure hearing and signed, "J. Gregory Matthews, Trustee." Mr. Matthews is listed as the trustee on three separate deeds of trust and a trustee's deed. Mr. Matthews filed a certificate of service indicating that, acting as trustee, he served the notice of trustee's sale of real estate to Plaintiffs. Mr. Matthews was the trustee for the property. These facts indicate that Mr. Matthews was impermissibly acting as an attorney for the noteholders during the foreclosure proceedings.

¶ 14        "[W]hile a power of sale provision is meant to function as a more expeditious and less expensive alternative to a foreclosure by action, foreclosure under a power of sale is not favored in the law, and its exercise will be watched with jealousy." *In re Adams*, 204 N.C. App. 318, 321, 693 S.E.2d 705, 708 (2010). In this case, not only did Mr. Matthews fail to provide Plaintiffs with any notice of his duty to remain neutral in the foreclosure proceedings, he affirmatively advocated for the noteholders throughout the foreclosure process. Allowing the foreclosure to proceed on these facts

would eviscerate the requirement that trustees remain neutral in foreclosure proceedings. The trial court's order must be reversed and remanded for entry of an order setting aside the order allowing the foreclosure sale.

### III. Conclusion

For the foregoing reasons, we reverse the trial court's order denying Plaintiffs' motion to set aside the foreclosure procedure under N.C. R. Civ. P. 60(b).

REVERSED.

Judges INMAN and WOOD concur.