An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-924

Filed 3 June 2026

Mecklenburg County, No. 19CVS016728-590

SCGVIII-LAKEPOINTE, LLC, Plaintiff,

v.

VIBHA MEN'S CLOTHING, LLC; KALISHWAR DAS, Defendants.

Appeal by Defendant from order entered 23 May 2025 by Judge Troy J. Stafford in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 May 2026.

> *Kalishwar Das pro se Defendant-Appellant.*
>
> *No brief filed for Defendant-Appellant Vibha Men's Clothing, LLC.*
>
> *Johnston, Allison & Hord, P.A., by J. Nathanial Pierce, for Plaintiff-Appellee.*

COLLINS, Judge.

Defendant Kalishwar Das appeals from the trial court's order denying his Rule 60(b)(4) motion for relief from judgment. Defendant also challenges the trial court's authority to enter a corrected order on 23 May 2025, the settlement of the record on appeal, and Plaintiff's standing. We affirm.

## I.    Background

Plaintiff SCGVIII-Lakepointe, LLC, filed the underlying action on 19 August 2019, alleging breach of a commercial lease by Vibha Men's Clothing, LLC, and breach of a guaranty of the commercial lease by Defendant Kalishwar Das.  After a bench trial, the trial court entered an order on 25 September 2020 in Plaintiff's favor.

Defendant filed a motion for new trial on 5 October 2020; the trial court denied this motion by order entered 25 March 2021.  Defendant filed a notice of appeal.  The North Carolina Court of Appeals dismissed Defendant's appeal on 20 December 2022, and the North Carolina Supreme Court denied Defendant's Petition for Certiorari.

Defendant then filed three motions under Rule 60 of the North Carolina Rules of Civil Procedure; each was denied.  Defendant's third Rule 60 motion, at issue here, was a "Motion to Vacate Void Judgment Under Rule 60(b)(4)[.]"  The trial court heard the 60(b)(4) motion on 14 May 2025 and apparently[1] entered an order on 20 May 2025 denying it.  Defendant apparently filed a Rule 59(e) motion on 21 May 2025.  The trial court entered an apparently corrected order on 23 May 2025 denying Defendant's Rule 60(b)(4) motion.  Defendant apparently filed a second Rule 59(e) motion on 29 May 2025.  Defendant filed notice of appeal on 17 June 2025 from the 23 May 2025 order denying his Rule 60(b)(4) motion.

Following Defendant's notice of appeal and service of a proposed record on

---

[1] The parties appear to agree on some of the procedural posture that is not evident in the filed record.

appeal, Plaintiff filed objections to the proposed record, and Defendant sought a hearing to settle the record. The trial court held a hearing to settle the record and entered an order settling the record on 12 September 2025.

## II. Discussion

Although Defendant's briefing presents various overlapping theories, the appeal appears to address the following three legally cognizable issues: (1) Whether the 2020 judgment is void under Rule 60(b)(4). (2) Whether the trial court lacked authority to enter the 23 May 2025 order. (3) Whether the trial court erred in settling the record on appeal by omitting certain documents. We address each in turn.

### A. The 2020 Judgment

N.C. Gen. Stat. § 1A-1, Rule 60(b) of the Rules of Civil Procedure provides that, upon proper motion, a "court may relieve a party or his legal representative from a final judgment, order, or proceeding[.]" N.C. Gen. Stat. § 1A-1, Rule 60(b) (2025). Rule 60(b)(4) allows relief from a judgment that is void. *Id*. § Rule 60(b)(4). "A Rule 60(b)(4) motion is only proper where a judgment is 'void' as that term is defined by the law." *Ottway Burton, P.A. v. Blanton*, 107 N.C. App. 615, 616 (1992). "A judgment will not be deemed void merely for an error in law, fact, or procedure." *Id.* "A judgment is void only when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered." *Id.* (citations omitted). Whether a judgment is void is a question of law, reviewed by this Court de novo. *See Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517

(2004).

### 1. *Subject Matter Jurisdiction*

Defendant argues the trial court lacked subject matter jurisdiction because Plaintiff allegedly "forfeited" its leasehold interest by seizing property during eviction proceedings. He contends this forfeiture deprived Plaintiff of standing at inception, rendering the judgment void.

Under N.C. Gen. Stat. § 7A-240, the superior court has original jurisdiction over "all justiciable matters of a civil nature," including breach-of-contract claims. *Harris v. Pembaur*, 84 N.C. App. 666, 667-68 (1987). Plaintiff's complaint alleged breach of lease and guaranty—quintessential contract claims. No statutory or constitutional limitation deprived the trial court of jurisdiction.

Defendant's argument that Plaintiff's conduct during eviction extinguished its lease rights is a merits defense, not a jurisdictional defect. The trial court found at trial that Plaintiff "did not remove anything other than signage, some broken displays, rotten food, trash, etc." and that Defendant presented "no evidence that any property was removed[.]" Whether that finding was correct is immaterial here. Rule 60(b)(4) does not permit relitigating factual disputes resolved at trial. *See Ottway*, 107 N.C. App. at 616-17.

### 2. *Personal Jurisdiction*

Defendant appears to argue that the trial court lacked personal jurisdiction over him.

Generally, a court asserts personal jurisdiction over a defendant through service on the defendant with the summons and complaint. *Slattery v. Appy City, LLC*, 385 N.C. 726, 730 (2024). Additionally, a court may exercise personal jurisdiction through a defendant's general or voluntary appearance. *In re K.J.L.*, 363 N.C. 343, 346 (2009). Finally, when a party fails to raise an argument at the trial court level, that argument is waived on appeal. *See Guerra v. Harbor Freight Tools*, 287 N.C. App. 634, 638 (2023) (citation omitted).

Here, Defendant was served with the summons and complaint on 27 August 2019 and filed an answer on 23 September 2019. He appeared at trial and sought affirmative relief. Furthermore, Defendant made no argument in his Rule 60(b)(4) motion as to the superior court's lack of personal jurisdiction. Accordingly, Defendant's arguments lack merit and are also waived. *See* N.C. Gen. Stat. § 1A-1, Rule 12(h)(1) (2025); *In re K.J.L.*, 363 N.C. at 346-47.

### 3. *Plaintiff's Present Standing Under Rule 17(a)*

Defendant argues Plaintiff lacks present standing because it sold the property in 2023. Defendant also filed a "motion under Rule 17(a) to determine appellee's standing in this appeal." (capitalization altered).

Rule 17(a) concerns the real party in interest at the time of suit and provides, "Every claim shall be prosecuted in the name of the real party in interest." N.C. Gen. Stat. § 1A-1, Rule 17(a) (2025). "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *Finks v. Middleton*, 251

N.C. App. 401, 408 (2016) (citation and emphasis omitted). "However, [s]tanding is determined at the time of the filing of a complaint." *Id.* (quotation marks and citations omitted). And generally, "once jurisdiction attaches, it will not be ousted by subsequent events." *Id.*

Here, any post-judgment transfer of property did not extinguish Plaintiff's interest in an existing money judgment or its status as Plaintiff. Defendant's argument lacks merit and his "motion under Rule 17(a) to determine appellee's standing in this appeal" does not entitle Defendant to relief and is denied.

### 4. Summary

For the reasons above, the 2020 judgment is not void, and the trial court correctly denied Defendant Rule 60(b)(4) relief.

## B. 23 May 2025 Order

Defendant contends the trial court lacked authority to enter the 23 May 2025 corrected order because he had filed Rule 59(e) motions on 21 and 29 May 2025. The argument is unavailing.

Under *Lovallo v. Sabato*, when a party files a notice of appeal before the trial court rules on a Rule 59 motion, the Rule 59 motion is abandoned, and the appeal proceeds from the underlying order. 216 N.C. App. 281, 285 (2011).

Here, Defendant filed his notice of appeal rather than seeking a ruling on his Rule 59(e) motions. He cannot now claim error based on his own procedural election. Moreover, Defendant does not argue that the 23 May 2025 corrected order did more

than merely correct the earlier order; thus, it did not adjudicate new rights or alter substantive outcomes.

Accordingly, the trial court did not exceed its authority in entering the 23 May 2025 corrected order.

## C. Settlement of the Record on Appeal

Defendant argues the record is defective because it does not include his Rule 59(e) filings or other materials.

The trial court settled the record after hearing from both parties. "A trial court's order settling the record on appeal is final and will not be reviewed on appeal. Review of an order settling the record on appeal is available, if at all, only by way of certiorari." *Quantum Corp. Funding, Ltd. v. B.H. Bryan Bldg. Co., Inc.*, 175 N.C. App. 483, 489 (2006) (quotation marks and citation omitted).

Because Defendant did not file a petition for writ of certiorari, we do not consider this issue.

## III. Conclusion

The trial court possessed jurisdiction over the underlying action, properly exercised personal jurisdiction over Defendant, and acted within its authority in denying Defendant Rule 60(b)(4) relief. Defendant's remaining arguments lack merit. The order of the trial court is affirmed.

AFFIRMED.

Judges WOOD and FLOOD concur.

Report per Rule 30(e).